25-CV-1861(OEM)(MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNABELLE MATYAS, DAISY BADILLO, and
DAHLIA MENDOZA,

Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, MELISSA AVILES-
RAMOS, Chancellor; and KATHERINE RODI,
Director of Employee Relations,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants* The Department Of
Education Of The City Of New York and
Melissa Aviles-Ramos
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Shinequa Charles*
*Tel: (212) 2458*
*Matter #: 2025-033231*

CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ............................................................................................................ 5

    POINT I .......................................................................................................... 5

        PLAINTIFFS FAILED TO EXHAUST THEIR
        ADMINISTRATIVE REMEDIES AND ANY
        FEDERAL STATUTORY CLAIMS SHOULD BE
        DISMISSED ........................................................................................ 5

    POINT II ......................................................................................................... 6

        PLAINTIFFS FAILED TO FILE A TIMELY
        NOTICE OF CLAIM AND THUS THEIR SHRL
        AND CHRL CLAIMS AGAINST DOE AND
        AVILES-RAMOS SHOULD BE DISMISSED ....................................... 6

    POINT III ........................................................................................................ 7

        MOST OF PLAINTIFFS' CLAIMS ARE
        UNTIMELY AND SHOULD BE DISMISSED........................................ 7

    POINT IV ........................................................................................................ 9

        PLAINTIFFS FAIL TO STATE A CLAIM FOR
        RELIGIOUS DISCRIMINATION ............................................................ 9

    POINT V ......................................................................................................... 14

        PLAINTIFFS' FAILURE TO  ACCOMMODATE
        CLAIMS SHOULD BE DISMISSED ...................................................... 14

    POINT VI......................................................................................................... 16

        ANY CLAIM FOR FAILURE TO ENGAGE IN A
        COOPERATIVE DIALOGUE UNDER THE
        CHRL SHOULD BE DISMISSED ......................................................... 16

    POINT VII ....................................................................................................... 17

        PLAINTIFFS' RETALIATION CLAIMS
        SHOULD BE DISMISSED ..................................................................... 17

    POINT VIII....................................................................................................... 19

PLAINTIFFS' FIFTH AMENDMENT CLAIMS SHOULD BE DISMISSED ........................................ 19

POINT IX ............................................................................................. 20

PLAINTIFF FAILS TO PLAUSIBLY PLEAD A DEPRIVATION OF A LIBERTY INTEREST WITHOUT DUE PROCESS .................................. 20

POINT X ............................................................................................. 22

PLAINTIFFS' FRAUD IN THE INDUCEMENT CLAIMS SHOULD BE DISMISSED ........................... 22

POINT XI ............................................................................................. 22

ALL CLAIMS AGAINST RODI SHOULD BE DISMISSED ......................................................... 22

POINT XII ............................................................................................. 24

ALL CLAIMS PLED UNDER 42 U.S.C. § 1988 AND 18 U.S.C. § 242 SHOULD BE DISMISSED .............................. 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agostini v. Felton*,
521 U.S. 203 (1997).............................................................................................13

*Am. Knights of the Ku Klux Klan v. Kerik*,
356 F.3d 197 (2d Cir. 2004)...............................................................................11

*Beickert v NY City Dept. of Educ.*,
No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sep.
25, 2023) ........................................................................................................14, 15

*Bernheim v. New York City Dep't of Educ.*,
No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400 (S.D.N.Y. Jul.
9, 2020) ......................................................................................................6, 7, 23

*Bey v Kings Family Ct.*,
No. 25-CV-809 (AMD) (TAM), 2025 U.S. Dist. LEXIS 77157 (E.D.N.Y.
Apr. 22, 2025) .....................................................................................................25

*Billeris v Inc. Vil. of Bayville*,
694 F Supp 3d 214 (E.D.N.Y. Sep. 25, 2023) ..................................................8, 9

*Boss v. Kelly*,
306 Fed. Appx. 649 (2d Cir. 2009)....................................................................21

*Boyar v Yellen*,
2022 U.S. App. LEXIS 1005 (2d Cir Jan. 13, 2022) ...........................................6

*Broecker v. New York City Dep't of Educ.*,
585 F. Supp. 3d 299 (E.D.N.Y. 2022) ................................................................18

*Broecker v. NY City Dept. of Educ.*,
573 F. Supp. 3d 878 (E.D.N.Y. 2021) ..........................................................15, 20

*Matter of Bryan v Bd. of Educ. of the City Sch. Dist. of the City of NY*,
222 A.D.3d 473 (1st Dep't 2023) ........................................................................17

*Caskey v. County of Ontario*,
560 Fed. Appx. 57 (2d Cir. 2014).......................................................................17

*Chen-Oster v Goldman, Sachs & Co.*,
No. 10-CV-2894, 2012 U.S. Dist. LEXIS 2894 (S.D.N.Y. Jan. 10, 2012) ...........6

*Chepilko v Cent. Amusement Intl., LLC (CAI)*,
  No. 11-CV -4273 (ARR), 2011 U.S. Dist. LEXIS 101405 (E.D.N.Y. Sep. 8,
  2011) ..................................................................................................................24, 25

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*,
  508 U.S. 520 (1993) ...................................................................................................12

*D'Cunha v. Northwell Health Sys.*,
  2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023)..........................................14

*Dolce v Connetquot Cent. Sch. Dist.*,
  No. 24-CV-00622 (HG), 2025 U.S. Dist. LEXIS 67970 (E.D.N.Y. Apr. 9,
  2025) ..........................................................................................................................19

*Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*,
  96 F.3d 623 (2d Cir. 1996).........................................................................................21

*Empire Community Dev. LLC v Campoverde*,
  22-Civ 4046 (RPK)(VMS), 2023 U.S. Dist. LEXIS 149628 (E.D.N.Y. Aug.
  23, 2023) ....................................................................................................................23

*Employment Div. v. Smith*,
  494 U.S. 872 (1990)....................................................................................................12

*Evans v NY City Dept. of Educ.*,
  No. 22-CV-7901 (ER), 2023 U.S. Dist. LEXIS 207827 (S.D.N.Y. Nov. 20,
  2023) ..........................................................................................................................18

*Famiglietti v NY City Dept. of Sanitation*,
  No. 23-CV-2754 (LDH) (VMS), 2024 U.S. Dist. LEXIS 195618 (E.D.N.Y.
  Oct. 28, 2024) ............................................................................................................10

*Matter of Fernandez v. Town of Benson*,
  196 A.D.3d 1019 (3d Dep't 2021) ..............................................................................9

*Ferraro v Ramapo Cent. Sch. Dist.*,
  17 CV 2039 (VB), 2017 U.S. Dist. LEXIS 203361 (S.D.N.Y. Dec. 11, 2017)....................7, 8

*Fifth Ave. Presbyterian Church v. City of New York*,
  293 F.3d 570 (2d Cir. 2002)........................................................................................12

*Freud v. New York City Dep't of Educ.*,
  No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. Mar. 25,
  2022) ..........................................................................................................................11

*Fugelsang v Dept. of Educ. of NY City*,
  No. 23-CV-08332 (LDH) (LKE), 2025 U.S. Dist. LEXIS 61440 (E.D.N.Y.
  Mar. 31, 2025)........................................................................................................10, 21

*Garland v. New York City Fire Dep't*,
  574 F. Supp. 3d 120 (E.D.N.Y. 2021) ...............................................................18

*Gear v Dept. of Educ.*,
  07 Civ. 11102 (NRB), 2009 U.S. Dist. LEXIS 17885 (S.D.N.Y. Feb. 23,
  2009) .........................................................................................................................7

*Gonzalez v Dist. Council 37, AFSCME, AFL-CIO, SSEU Local 371*,
  843 F App'x 361, 363 (2d Cir 2021)...................................................................20

*Grullon v. City of New Haven*,
  720 F.3d 133 (2d Cir. 2013)................................................................................23

*Hoffman v Williamsville Sch. Dist.*,
  443 F App'x 647 (2d Cir 2011).............................................................................6

*Jones-Cruz v Brookdale Hosp. Med. Ctr.*,
  No. 19-CV-06910 (MMG), 2025 U.S. Dist. LEXIS 108024 (S.D.N.Y. June 6,
  2025) .......................................................................................................................18

*Kalaj v. Ka*y,
  No. 23-CV-4395, 2023 U.S. Dist. LEXIS 122687 at*23 (E.D.N.Y. July 17,
  2023) .......................................................................................................................22

*Kane v De Blasio*,
  19 F.4th 152 (2d Cir 2021) ...........................................................................12, 13

*Kane v. de Blasio*,
  623 F. Supp. 3d 339 (S.D.N.Y. 2022).............................................11, 13, 14, 15

*Kornmann v City of NY Bus. Integrity Commn.*,
  467 F Supp 3d 54 (E.D.N.Y. June 15, 2020)........................................................8

*Larson v. Valente*,
  456 U.S. 228 (1982).............................................................................................13

*Leebaert v. Harrington*,
  332 F.3d 134 (2d Cir. 2003)................................................................................12

*Marsteller v. City, et al.*,
  217 A.D.3d 543 (1st Dep't 2023*), leave denied*, 41 N.Y.3d 960 (2024)...........16, 17

ii

*McDonald v. Bd. of Educ.*,
    No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325 (S.D.N.Y. 2001) ......................21, 22

*McHenry v. Fox News Network, LLC*,
    510 F. Supp. 3d 51 (S.D.N.Y. 2020)....................................................................................17

*Miner v. Clinton County*,
    541 F.3d 464 (2d Cir. 2008)................................................................................................11

*Montgomery v NY Presbyt. Hosp.*,
    No. 23-CV-9201 (PAE) (OTW), 2024 U.S. Dist. LEXIS 144125 (S.D.N.Y.
    Aug. 13, 2024) .......................................................................................................................6

*Moore v. Hadestown Broadway LLC*,
    722 F. Supp. 3d 229 (S.D.N.Y. 2024)..................................................................................10

*Moore v Montefiore Med. Ctr.*,
    No. 22-cv-10242 (ER), 2023 U.S. Dist. LEXIS 197715 (S.D.N.Y. Nov. 3,
    2023) .....................................................................................................................................17

*New Yorkers for Religious Liberty, Inc. v City of NY*,
    121 F.4th 448 (2d Cir 2024) ................................................................................................13

*Nnaka v Fed. Republic of Nig.*,
    18-cv-4404 (GHW) (KHP), 2019 U.S. Dist. LEXIS 161333 (S.D.N.Y. Aug.
    12, 2019) ...............................................................................................................................23

*Noll v. IBM*,
    787 F.3d 89 (2d Cir. 2015)...................................................................................................16

*Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of NY*,
    213 AD3d 560 (1st Dept 2023).............................................................................................19

*Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of NY*,
    42 NY3d 986 (2024) .............................................................................................................19

*Peralta v. N.Y. City Dep't of Educ.*,
    No. 21-CV-6833(EK)(LB), 2023 U.S. Dist. LEXIS 169529 (E.D.N.Y. Sept.
    22, 2023) ...........................................................................................................................19, 20

*Peterson v. New York City Dep't of Educ.*,
    No. 18-CV-1515 (ILG), 2020 U.S. Dist. LEXIS 88964 (E.D.N.Y. May 20,
    2020) .......................................................................................................................................6

*Ret. Sys. v. MF Glob., Ltd.*,
    620 F.3d 137 (2d Cir. 2010)..................................................................................................14

*Schwartz v City of NY*
19-cv-05204 (AT) (SDA), 2020 U.S. Dist. LEXIS 11516 (S.D.N.Y. Jan. 22, 2020) ........................................................................................................................18

*Sharikov v Philips Med. Sys. MR,*
103 F.4th 159 (2d Cir 2024) ......................................................................................18

*Matter of Smith v. New York City Fire Department,*
2025 N.Y. App. LEXIS 3783 (2d Dept. June 18, 2025).............................................16

*Spillers v NY City Health & Hosps. Corp.,*
763 F App'x 138 (2d Cir 2019) ...................................................................................5

*Storm-Eggink v Gottfried,*
409 F App'x 426 (2d Cir 2011) .................................................................................25

*Tangreti v. Bachmann,*
983 F.3d 609 (2d Cir. 2020)......................................................................................23

*Trabacchi v Dept. of Educ.,*
No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 148512 (E.D.N.Y. July 31, 2025)..............................................................................................................23

*Treglia v. Town of Manlius,*
313 F.2d 713 (2d Cir. 2002)......................................................................................17

*Van Allen v NY City Sch. Constr. Auth.,*
7-CV-2176, 2018 U.S. Dist. LEXIS 171002 (E.D.N.Y. Sep. 30, 2018) ...................8

*Vega v. Hempstead Union Free Sch. Dist.,*
801 F.3d 72 (2d Cir. 2015).........................................................................................9

*Velez v. Levy,*
401 F.3d 75 (2d Cir. 2005).......................................................................................21

*Verne v. NY City Dept. of Educ.,*
No. 21-CV-5427, 2022 US Dist LEXIS 180299 (SDNY Sep. 30, 2022)..................24

*We the Patriots USA, Inc. v. Hochul,*
17 F.4th 266 (2d Cir. 2021) ................................................................................14, 18

*Weiss v. Violet Realty, Inc.,*
160 F. App'x 119 (2d Cir. 2005)...............................................................................24

*Williams v. City of New York,*
2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007 (S.D.N.Y. Nov. 1, 2005)..........23

iv

**Statutes**

Americans with Disabilities Act ................................................................................5, 17

New York Education Law § 3813 .................................................................................6, 7

State Executive Law § 296 ....................................................2, 6, 7, 9, 10, 16, 17, 23

U.S. Code § 242 .......................................................................................1, 2, 24, 25

New York City Administrative Code § 8-107 .........................................1, 2, 6, 7, 9, 10, 16, 17, 23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

ANNABELLE MATYAS, DAISY BADILLO, and
DAHLIA MENDOZA,

                                              No. 25-CV-
                        Plaintiffs,     01861(OEM)(MMH)

                      -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, MELISSA AVILES-RAMOS,
Chancellor; and KATHERINE RODI, Director of
Employee Relations,
                                 Defendants.
--------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiffs *pro se* Annabelle Matyas, Daisy Badillo, and Dahlia Mendoza  former teachers with the New York City Department of Education ("DOE"), bring this action against DOE, DOE Chancellor Melissa Aviles-Ramos ("collectively Defendants"). Reading the Complaint generously, Plaintiffs appear to assert claims under the Americans with Disabilities Act ("ADA"); the New York State Executive Law § 296 ("SHRL"); the New York City Administrative Code § 8-107 ("CHRL"); a claim for fraud in the inducement; claims under the First, Fifth, and Fourteenth Amendments to the United States Constitutions; and claims under 42 U.S.C. §§ 1983 and1988, and 18 U.S. Code § 242. Generally, Plaintiffs claim they were subjected to discrimination and deprived of their constitutional rights when they were denied accommodations to the Covid-19 vaccine mandate.

Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint in its entirety. Dismissal is warranted because: (1) Plaintiffs failed to

exhaust their administrative remedies and thus any federal statutory claims must be dismissed; (2) Plaintiffs failed to file a timely notice of claim and so their SHRL and CHRL claims against DOE and Aviles-Ramos are time-barred; (3) Plaintiffs fail to state a claim for relief with respect to their allegations of religious discrimination, retaliation, violations of the First, Fifth, and Fourteenth Amendments, Equal Protection, and failure to provide reasonable accommodations; (4) Plaintiffs' fraud in the inducement claims fail as a matter of law; (5) any claim for failure to engage in a cooperative dialogue under the CHRL should be dismissed; (6) Plaintiffs Mendoza and Badillo should have brought their claims as an Article 78; (7) all claims against Katherine Rodi should be dismissed because she was never served and because Plaintiffs have not alleged her personal involvement; and (8) all claims purportedly brought under 42 U.S.C. § 1988 and 18 U.S.C. § 242 should be dismissed because those statutes do not apply to civil actions. For these reasons, and those articulated more fully below, Plaintiffs' Complaint should be dismissed in its entirety.

## **STATEMENT OF FACTS**[1]

### A. Background

In August 2021, the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") issued an order requiring all DOE employees to show proof of at least one dose of vaccination against COVID-19 by October 1, 2021 (the "DOHMH Order"). *See* DOHMH Order, annexed to the Charles Decl. as Exhibit A.

Following the issuance of the DOHMH Order, bargaining units for City and DOE employees met to negotiate over the impact of the order on DOE employees. United Federation of

---

[1] This statement of facts is derived from the Complaint. In addition, Defendants rely upon the exhibits annexed to the Declaration of Assistant Corporation Shinequa Charles dated September 8, 2025 ("Charles Decl."). For the purpose of this motion only, the well-pleaded factual allegations in the Complaint are deemed to be true.

Teachers ("UFT") is the bargaining unit for teachers employed by DOE. *See* Exhibit A. Those negotiations reached an impasse and, on September 10, 2021, Arbitrator Martin F. Scheinman ("Arbitrator Scheinman") issued a decision to resolve the impasse, which (1) established a process for handling exemption and accommodation requests; (2) provided that all unvaccinated employees who had not requested an accommodation, or had made a request that was denied, would be placed on leave without pay ("LWOP") on September 28, 2021; (3) offered enhanced separation and extended leave options for employees who had been placed on LWOP; and (4) stated that beginning December 1, 2021, DOE would seek to terminate employees who were on LWOP and had not chosen either the enhanced separation or leave options set forth in Arbitrator Scheinman's decision (hereinafter "Impact Bargaining Award"). *See In the Matter of the Arbitration between Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO, re: Impact Bargaining*, dated September 10, 2021, Exhibit 4 annexed to Complaint ECF Dkt. No. 1.

### B. Plaintiffs' Allegations

Plaintiffs were informed on October 2, 2021, that they would be placed on leave without pay, effective October 4, 2021, because they had not complied with the DOE Covid- 19 Vaccine mandate. *See* ECF Dkt. No. 1, Email: Notice of Leave Without Pay, annexed to the complaint as Exhibit 5. On April 4, 2025, Plaintiffs' filed their Complaint in the instant action. *See* ECF Dkt No. 1.

### a.    Plaintiff Matyas

Plaintiff Matyas began working for DOE in 2001 as a biology teacher and obtained tenure in 2005. *See Compl.* ¶ 69, 70.  Plaintiff Matyas requested a religious exemption on September 20, 2021, however, her accommodation was denied "the next day" because she "'did

not meet the criteria.'" *See* ECF Dkt. No. 1, ¶¶ 72, 73. Plaintiff Matyas filed an appeal on December 3, 2021 to the Citywide Panel, which was denied as well on March 28, 2022. *Id*. ¶ 74. On April 11, 2022, Plaintiff Matyas was informed that she had been terminated effective April 7, 2022. *Id.* at ¶ 75.In June 2023, sometime after the Covid vaccine mandate modified,  Plaintiff applied for a job with the DOE. *Id.* at ¶ 76. Plaintiff Matyas was  not restored to a tenured position. *Id.* On May 9, 2023, Matyas filed a notice of claim. *See* Exhibit C to the Charles declaration.

### b.    Plaintiff Mendoza

Plaintiff Mendoza began working for DOE in 1991.  *Id.* at ¶ 78. Plaintiff Mendoza requested a religious exemption on September 20, 2021, however, her accommodation request was denied on September 22, 2021. *Id.* at ¶¶ 81, 82. On September 23, 2021, Plaintiff Mendoza's appealed to Scheinman Arbitration and Mediation Services ("SAMS").  *Id.* at ¶ 83. On October 5, 2021, her appeal her appeal "was heard" during a 15 minute session before an arbitrator but was denied. *Id at* ¶ 83. On November 30, 2021, Plaintiff again appealed the denial of her request to the Citywide Panel". *Id.*at ¶87.  On January 7, 2022, Plaintiff received a list of questions from the Citywide Panel, which she answered. *Id.* On March 28, 2022, the Citywide Panel upheld the denial Plaintiff Mendoza's request for a religious accommodation on the basis of undue burden. *Id. at* ¶ 87. On April 11, 2022, Plaintiff Mendoza was informed that she was terminated effective April 7, 2022. *Id.* at ¶ 89. Plaintiff Mendoza claims that on February 14, 2023, she "went on her Payroll portal and saw that she was on the Problem Code 'PR'" and was "blocked from ever working for the Defendants." *Id.* at ¶ 92.

### c.    Plaintiff Badillo

Plaintiff Badillo started working for DOE in 1996. *Id.* at ¶ 94. On September 17, 2021, Plaintiff Badillo requested a religious exemption to vaccine mandate, however, on

September 19, 2021 her accommodation request was denied. *Id.* at ¶¶ 96, 97. Plaintiff Badillo

appealed that decision on September 19, 2021 to SAMS, but her appeal was denied by an arbitrator.

*Id.* at ¶ 98. Plaintiff Badillo subsequently appealed to the Citywide Panel, which denied her appeal

on February 15, 2022. *Id at* ¶¶ 100. Plaintiff Badillo claims that on March 17, 2022 she was

terminated, but she also alleges that on July 3, 2022 she retired.  *Id.* at ¶102. Plaintiff Badillo

alleged Defendants "would not recognize her retirement, only her termination with a problem

code." *Id.* at ¶ 102.

On April 4, 2025, Plaintiffs filed the instant case. Defendants now moves to

dismiss.

### ARGUMENT

### POINT I

### PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES AND ANY FEDERAL STATUTORY CLAIMS SHOULD BE DISMISSED [2]

To the extent Plaintiffs intended to plead any federal statutory claims, *see, e.g.*,

*Compl.* at ¶ 125-26, they should be dismissed because Plaintiffs failed to exhaust their

administrative remedies. "Exhaustion of remedies is a precondition to suit [under the ADA] . . . .a

plaintiff typically may raise in a district court complaint only those claims that either were included

in or reasonably related contained in her EEOC charge." *Spillers v NY City Health & Hosps. Corp.*,

763 F App'x 138, 139 (2d Cir 2019). A plaintiff must file with the EEOC and receive a right to sue

letter before filing an religious discrimination or retaliation claim in federal court." *See*

---

[2] Although Plaintiffs do not explicitly state they are bring claims under the ADA, there are several references in their Complaint. In an abundance of caution, Defendants move on this basis as well.

*Montgomery v NY Presbyt. Hosp.*, No. 23-CV-9201 (PAE) (OTW), 2024 U.S. Dist. LEXIS 144125, at *11 (S.D.N.Y. Aug. 13, 2024); *Boyar v Yellen*, 2022 U.S. App. LEXIS 1005, at *3 (2d Cir Jan. 13, 2022). "[T]he purpose of the exhaustion requirement ... is to give the administrative agency the opportunity to investigate, mediate, and take remedial action". *See Chen-Oster v Goldman, Sachs & Co.*, No. 10-CV-2894, 2012 U.S. Dist. LEXIS 2894, at *3 (S.D.N.Y. Jan. 10, 2012). Allegations not included in the administrative charge will be barred as unexhausted unless they are reasonably related to those asserted in the charge. *See Hoffman v Williamsville Sch. Dist.*, 443 F App'x 647, 649 (2d Cir 2011).

Here, the only Plaintiff who has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is Badillo. *see* EEOC Charge, annexed to the Charles Decl. as Exhibit B. However, she does not allege to have received a right to sue letter. Matyas, Mendoza and Badillo did not file complaints with the New York State Division of Human Rights. Accordingly, none of the Plaintiffs have exhausted their administrative remedies, and any federal statutory claims should be dismissed.

## POINT II

### PLAINTIFFS FAILED TO FILE A TIMELY NOTICE OF CLAIM AND THUS THEIR SHRL AND CHRL CLAIMS AGAINST DOE AND AVILES-RAMOS SHOULD BE DISMISSED

Plaintiffs failed to comply with the notice of claim requirement and cannot, therefore, proceed under the SHRL or CHRL against DOE or Aviles-Ramos. Pursuant to "New York Education Law § 3813(1), a plaintiff must 'file a notice of claim prior to any action against a school district or its officers, to be presented within three months of the date when the claim arose.'" *See Bernheim v. New York City Dep't of Educ.*, No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400, at *9 (S.D.N.Y. Jul. 9, 2020) (quoting *Peterson v. New York City Dep't of*

*Educ.*, No. 18-CV-1515 (ILG), 2020 U.S. Dist. LEXIS 88964 (E.D.N.Y. May 20, 2020)). Education Law § 3813(2-b)'s notice of claim requirements must be served upon the "governing body" of Boards of Education e. g. Chancellor. *See Gear v Dept. of Educ.*, 07 Civ. 11102 (NRB), 2009 U.S. Dist. LEXIS 17885, at *13 (S.D.N.Y. Feb. 23, 2009).

While Plaintiff Matyas did served a notice of claim on May 9, 2023, it was nearly a year too late. Accordingly, Matyas' CHRL and SHRL claims that arose before February 12, 2023 are untimely for failure to comply with the notice of claim requirement of Education Law § 3813(1). *See* Exhibit C annexed to Charles Decl.. Matyas' employment with Defendants ended more than a year earlier on April 7, 2022. *See Compl.*¶75. What is more, any complaints relating to her rehire post-date the filing of the notice of claim and therefore are also not compliant with the requirement because they post-date the filing of the notice of claim. Accordingly, Plaintiff's claims under the SHRL and CHRL should be dismissed for comply with a pre-condition to suit.

Plaintiffs Mendoza and Badillo failed to file any notice of claim at all, and therefore their SHRL and CHRL claims against DOE and Aviles-Ramos must be dismissed. *See Bernheim*, 2020 U.S. Dist. LEXIS 120400, at *9.

Thus, as Plaintiff Matyas failed to file a timely notice of claim within ninety days of when her claims arose, and compliance with the notice of claim provision is a condition precedent to suit, Plaintiff's SHRL and CHRL claims against DOE and Aviles-Ramos must be dismissed.

### POINT III

### MOST OF PLAINTIFFS' CLAIMS ARE UNTIMELY AND SHOULD BE DISMISSED

Pursuant to Education Law § 3813, a one-year statute of limitations governs SHRL and CHRL claims against school districts and their officers. *See Ferraro v Ramapo Cent. Sch.*

*Dist.*, 17 CV 2039 (VB), 2017 U.S. Dist. LEXIS 203361, at *8 (S.D.N.Y. Dec. 11, 2017). Plaintiffs Matyas, Mendoza, and Badillio alleged that their requests for religious exemptions were denied upon appeal on December 3, 2021, March 28, 2022, and February 15, 2022, respectively. In order for Plaintiffs claims to be timely against Defendants,[3] Plaintiffs were required to commence their claims within the one-year statute of limitations—i.e., by December 3, 2022, March 28, 2023, and February 15, 2023. *Id.* However, Plaintiffs commended this action on April 4, 2025, therefore their failure to accommodate, religious discrimination, and retaliation claims are untimely.

Under the statute of limitations for § 1983, a plaintiff has three years. *See Billeris v Inc. Vil. of Bayville*, 694 F Supp 3d 214, 226 (E.D.N.Y. Sep. 25, 2023). Plaintiffs allege that they were subjected to religious discrimination when their requests for exemptions were denied on December 3, 2021, February 15, 2022, and March 28, 2022, respectively. In order for Plaintiffs claims to be timely against Defendants, t Plaintiffs were required to commence such claims within three years, i.e., by December 3, 2024, February 15, 2025, and March 28, 2025. Plaintiffs, however, did not commence this action until April 4, 2025.. However, Plaintiffs commended this action on April 4, 2025, therefore their religious discrimination claims are untimely. Moreover, because Plaintiffs initiated this action on April 4, 2025, only the retaliatory acts that accrued after April 4, 2022, are timely. *See Van Allen v NY City Sch. Constr. Auth.*, 7-CV-2176 (NGG) (VMS), 2018 U.S. Dist. LEXIS 171002, at *12 (E.D.N.Y. Sep. 30, 2018).

---

[3] Assuming arguendo Katherine Rodi was served, which she was not *infra* Point XI, those claim are untimely as well as they were not brought within the three year statute of limitations. S*ee Kornmann v City of NY Bus. Integrity Commn.*, 467 F Supp 3d 54, 61 (E.D.N.Y. June 15, 2020).

Accordingly, Plaintiffs' failure-to-accommodate, religious discrimination, and retaliation claims under the SHRL, CHRL, and § 1983 must be dismissed as untimely.[4]

## POINT IV

## PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION

**A.    Plaintiff's Religious Discrimination Claims Fail under the CHRL, SHRL and the Equal Protection Clause of the 14th Amendment**

Although not a model of clarity, one running theme of the Complaint appears to be that Plaintiffs contend they were subjected to discrimination on the basis of their religion in violation of the SHRL and CHRL and under § 1983. *See Compl.* at ¶¶113, 134, 159.  To the extent Plaintiffs pled any SHRL, CHRL, or § 1983 claims for religious discrimination, they should be dismissed.  To plead a discrimination claim under § 1983, a Plaintiff must plausibly allege the same elements as she would under Title VII, specifically "(1) the employer discriminated against h[er] (2) because of h[er] [] religion []." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85, 88 (2d Cir. 2015).  "As to the second element,  an action is 'because of' a plaintiff's [] religion [] where [religion] was a 'substantial' or 'motivating' factor contributing to the employer's decision to take the action." *Id.* (citation omitted).  A Plaintiff may allege her employer took an adverse action at least in part for a discriminatory reason "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* (citation omitted). "To survive a motion to dismiss a claim for

---

[4] Plaintiffs also assert claims under the First, Fifth, and Fourteenth Amendments, as well as the Equal Protection Clause. To the extent the Court finds that Plaintiffs have sufficiently pleaded such claims, they must nonetheless be dismissed as time-barred, as they are subject to a three-year statute of limitations. *See Billeris v. Inc. Vil. of Bayville*, 694 F. Supp. 3d 214, 226 (E.D.N.Y. Sept. 25, 2023); *Matter of Fernandez v. Town of Benson*, 196 A.D.3d 1019, 1022 (3d Dep't 2021) (Equal Protection).

discrimination under the NYCHRL, a plaintiff must only plead that she was treated less well at least in part because of her [religion]." *Moore v. Hadestown Broadway LLC*, 722 F. Supp. 3d 229, 245 (S.D.N.Y. 2024) (quotation marks and citation omitted).[5]

Courts have recognized that discriminatory intent may be inferred from a range of situations, including, but not limited to, an employer criticizes an employee in a demeaning manner, derogatory remarks about individuals in the employee's protected group, more favorable treatment to employees not in the employee's protected class, or when the actions preceding the employee's termination suggest bias. *See Famiglietti v NY City Dept. of Sanitation*, No. 23-CV-2754 (LDH) (VMS), 2024 U.S. Dist. LEXIS 195618, at *7-8 (E.D.N.Y. Oct. 28, 2024). Plaintiff complaint is devoid of any of these allegations. *See* generally comp. Furthermore, Plaintiffs do not allege that they were terminated because of their religious belief, but rather because they failed to receive a mandatory COVID-19 vaccination after Defendants denied their request for a religious exemption. *See Fugelsang v Dept. of Educ. of NY City,* No. 23-CV-08332 (LDH) (LKE), 2025 U.S. Dist. LEXIS 61440, at *6 (E.D.N.Y. Mar. 31, 2025); *see also* Compl., ¶¶ 32, 75, 89. The COVID-19 vaccine was a condition of employment to which applied to DOE employees. *See Famiglietti,* 2024 U.S. Dist. LEXIS 195618, at *4; *Fugelsang,* 2025 U.S. Dist. LEXIS 61440, at *6. Moreover, Plaintiffs do not explain how they were singled out for differential treatment on account of their religious beliefs. Nor do Plaintiffs provide a single fact giving rise to an inference that their religious beliefs were a "substantial" or "motivating" factor contributing to their terminations. *See Famiglietti,* 2024 U.S. Dist. LEXIS 195618, at *4. Thus, Plaintiffs have failed to state a claim for religious discrimination. To the extent the Court may interpret Plaintiffs' equal

---

[5] Following the 2019 amendment to the SHRL, federal courts analyze SHRL claims under the same standard as the CHRL. *See, e.g., Moore*, 722 F. Supp. 3d at 245.

protection claim as one for selective enforcement, that theory is not viable either.  To maintain an equal protection selective enforcement claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton County*, 541 F.3d 464, 474 (2d Cir. 2008). In the Second Circuit, courts have held that, in the selective enforcement context, individuals must be similarly situated in all material respects. *See Freud v. New York City Dep't of Educ.*, No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353, at *20-21 (S.D.N.Y. Mar. 25, 2022) ("[a] plaintiff must show that he was treated differently compared to others similarly situated as a 'prerequisite' and a 'threshold' matter to a selective treatment claim") (quoting Church of the *Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004)).

   Plaintiff's failure to identify any similarly situated individuals who were not in the protected class but otherwise treated better by either having their accommodation approved, or having been reinstated, is fatal to their Equal Protection Clause claims. *See Kane*, 623 F. Supp. 3d at 359 ("Plaintiffs point to no similarly situated persons who have been treated differently – indeed, they do not point to any DOE employee who has been granted a religious exemption to the Vaccine Mandate and has been permitted to work in person. Since there is no claim of differential treatment, plaintiffs' equal protection claim fails"). Accordingly, Plaintiffs' discrimination claims should be dismissed.

**B.    Plaintiffs' First Amendment claims should be dismissed[6]**

---

[6] Plaintiffs do not state their religion in the complaint, but only in the attached exhibits.

i. **Plaintiffs' have failed to plead a Free Exercise Claim**

To the extent Plaintiffs plead a First Amendment Free Exercise and Establishment Clause claims in paragraph 111 of the Complaint, they should be dismissed. In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose…is the suppression of religion or religious conduct.'" *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993).  "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." E*mployment Div. v. Smith*, 494 U.S. 872, 879 (1990).  As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement."  *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002); accord, *Leebaert v. Harrington*, 332 F.3d 134, 143-44 (2d Cir. 2003) (holding that parental claims of free exercise of religion are governed by rational basis test).

Here, the Second Circuit has unequivocally found that  "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." *See Kane v De Blasio*, 19 F.4th 152, 164 (2d Cir 2021).As Plaintiffs do not plausibly allege that the mandate or the accommodation process singled out any religion in particular, the appropriate standard of review is the rational basis test. It goes without saying that the Vaccine Mandate had a rational basis – preventing hospitalization and even death from the COVID-19 virus. Accordingly, Plaintiffs' Free Exercise claim by Plaintiffs fails.

ii. **Plaintiff have failed to plead a violation of the Establishment Clause.**

A plaintiff can show an Establishment Clause violation if they plead facts suggesting the government "enact[ed] [] laws that have the 'purpose' or 'effect' of 'advancing or inhibiting religion,'" or laws that show a "'denominational preference' by preferring one religion over another." *New Yorkers for Religious Liberty, Inc. v City of NY*, 121 F.4th 448, 459 (2d Cir 2024)(quoting first *Agostini v. Felton*, 521 U.S. 203, 222-23 (1997); and then quoting *Larson v. Valente*, 456 U.S. 228, 244-46 (1982)). ("The Establishment Clause must be interpreted by reference to historical practices and understandings." *Kane*, 623 F. Supp. 3d at 358-59 (internal quotation marks omitted) (quoting *Kennedy*, 597 U.S. at 510). The *Kane* court noted that "there is a long history of vaccination requirements in this country and in [the Second] Circuit." *Id*. at 359 (collecting cases).

Here, it is clear that Plaintiff's Establishment Clause claims fail because, as both *Kane* and *New Yorkers for Religious Liberty, Inc*. have held, the vaccine mandate does not violate the Establishment Clause. *Id*. at 358-59; *New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 460-61. Plaintiffs have failed to plead facts suggesting that the mandate advanced or inhibited religion or showed preference to any particular religion. *See generally* Compl. Also, the Second Circuit has determined that Defendants' Citywide Panel procedures do not violate the Establishment Clause in any way. *See New Yorkers for Religious Liberty, Inc.*, 121 F.4th at 460-61. Furthermore, as set forth herein, several courts in this Circuit have explicitly held that the vaccine mandate does not violate the First Amendment. Accordingly, Plaintiffs' Establishment Clause claims should also be dismissed.

## POINT V

### PLAINTIFFS' FAILURE TO ACCOMMODATE CLAIMS SHOULD BE DISMISSED

Even assuming for the purpose of this motion that Plaintiffs had plausibly alleged a sincerely held, bona fide religious belief in connection with their request for a religious exemption, the DOE could not have accommodated Plaintiffs without suffering an undue hardship. Plaintiff's claim that they were not provided with an explanation for why their accommodation request was denied is specious. The Citywide Appeal Panel decision informed Plaintiffs that:

> DOE has demonstrated that it would be an undue hardship to grant accommodation to the employee given the need for a safe environment for in-person learning.

*See* Compl. Exhibit 12b, 20, 30.

Courts in this Circuit have found that vaccination against COVID-19, including the vaccine mandate, is a lawful condition of employment. *See, e.g., We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers). Importantly, one of the purposes of the vaccine mandate was to ensure the safety of those within its educational environment. *See Kane v. de Blasio*, 623 F. Supp. 3d 339, 348, 354 (S.D.N.Y. 2022).

The defense of undue hardship 'may be raised in a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint.'" *D'Cunha v. Northwell Health Sys.*, 2023 U.S. App. LEXIS 30612, *7 (2d Cir. Nov. 17, 2023) (quoting *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)). It is beyond cavil that safety within any work environment, especially an educational work environment, is of absolute importance. *See Beickert v NY City Dept. of Educ.*, No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS

170719, at *14 (E.D.N.Y. Sep. 25, 2023). Notably, the DOE's Vaccine Mandate helped to "prevent[] transmission of the COVID-19 virus and protect[ed] students." *Broecker v. NY City Dept. of Educ.*, 573 F. Supp. 3d 878, 891 (E.D.N.Y. 2021). Accordingly, Plaintiffs' unvaccinated presence would have imposed constituted an undue hardship by creating a health and safety risk that would have prevented the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become available and warrants dismissal of Plaintiff's claim. *See Beickert v. NY City Dept. of Educ.*, No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719, at *13-15 (E.D.N.Y. Sep. 25, 2023) (finding that it was appropriate for the DOE to assert an "undue hardship" defense in connection with the DOE's rule 12(b) motion to dismiss a denial of religious accommodation claim by another special education classroom teacher). Here, Defendants would have undoubtedly suffered an undue hardship by allowing Plaintiffs to continue to work without complying with the vaccine mandate.

Likewise, an accommodation allowing Plaintiff to teach remotely constituted an undue hardship. *See Beickert*, 2023 U.S. Dist. LEXIS 170719, at *15-17 (dismissing failure to accommodate claim as allowing special education teacher to teach remotely would constitute undue hardship); *see also Kane*, 623 F. Supp. 3d 339, n.31 ("Plaintiffs' argument that they can work remotely as they did when the City's schools were remote fails, because the City and DOE have decided to return to in-person learning."). Allowing Plaintiffs to teach remotely would have imposed a "significant burden and undue hardship" because the "particularized educational needs of her special needs students would be neglected" and the "DOE would have been required to hire another person to be present physically in the classroom to supervise these special education students and address any issues that required in-person intervention." *See Beickert*, 2023 U.S. Dist. LEXIS 170719, at *15-6. Plaintiffs appears to suggest they could have been

15

accommodated by being assigned to "rubber rooms" or by "reassignments to home as the new workplace." *See* Compl. at ¶¶ 6, 138, 139. However, a reasonable accommodation must be one that allows an employee to perform the essential functions of her job. *See, e.g., Noll v. IBM*, 787 F.3d 89, 94 (2d Cir. 2015). Plaintiffs were teachers, and they could not (nor do they credibly allege they could) perform the essential functions of their job from the "rubber room" or from "home."" Accordingly, Plaintiffs' § 1983, SHRL, and CHRL failure to accommodate claims should be dismissed.

## POINT VI

### ANY CLAIM FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE UNDER THE CHRL SHOULD BE DISMISSED

Plaintiffs makes passing reference to their contention that DOE terminated them without any interactive process to consider a reasonable accommodation. *See Compl.* at ¶¶ 93, 140. Should the Court interpret the Complaint as pleading a failure to engage in a cooperative dialogue claim under the CHRL, it should be dismissed. Plaintiffs had the opportunity to explain why they were requesting an exemption to the vaccine mandate on religious grounds. *Id.* at ¶¶ 72, 74, 81, 83, 96, 98. Plaintiff each submitted a letter in support of their application, *see id.* at ¶¶ 72, 81, 96, appealed the denial to the independent arbitrator consistent with the process set forth in the Impact Bargaining Award, *see id. at ¶¶ 82, 98; see also Compl. Exhibit 11a,* and then took advantage of another appeal to the Citywide Appeal Panel. *See id. at ¶¶* 74, 87, 100. Indeed, several courts have found this process satisfies the requirements of the CHRL and accordingly dismissed CHRL claims for failure to engage in a cooperative dialogue premised on the City's Covid-19 vaccine exemption process. *See, e.g., Marsteller v. City, et al.*, 217 A.D.3d 543, 545 (1st Dep't 2023*), leave denied*, 41 N.Y.3d 960 (2024); *Matter of Smith v. New York City Fire Department*, Nos. 2023-

09850 and 2023-09852, 2025 N.Y. App. LEXIS 3783 at \*4 (2d Dept. June 18, 2025); *Matter of Bryan v Bd. of Educ. of the City Sch. Dist. of the City of NY*, 222 A.D.3d 473, 473 (1st Dep't 2023). Plaintiffs have not plausibly alleged that the robust process afforded to them, including through the bargaining of their union, fell short of providing an interactive process or cooperative dialogue. *See Marsteller*, 217 A.D.3d at 545.

<h3 align="center">POINT VII</h3>

<h3 align="center">PLAINTIFFS' RETALIATION CLAIMS SHOULD BE DISMISSED</h3>

**A.      Plaintiffs failed to state a claim of retaliation under the ADA, SHRL, and CHRL**

To the extent Plaintiffs plead retaliation claims under the ADA, SHRL, or CHRL, *see Compl.* at ¶118, 125-26, they should be dismissed. "To state a claim for retaliation under the ADA, a plaintiff must allege that: '(1): [s]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity.'" *Caskey v. County of Ontario*, 560 Fed. Appx. 57, 58 (2d Cir. 2014) (quoting *Treglia v. Town of Manlius*, 313 F.2d 713, 719 (2d Cir. 2002)). Under the CHRL, "rather than requiring a plaintiff to show an adverse employment action, [the CHRL] only requires [her] to show that something happened that was reasonably likely to deter a person from engaging in protected activity." *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020).

Here, no causal connection exists between Plaintiffs' protected activity and their termination. Plaintiffs were terminated because they failed to comply with a lawful condition of employment, not because they submitted a religious exemption. *See* Compl., ¶¶ 32, 75, 89. Plaintiffs are unable to prove that submitting their request was a but-for-cause of their terminations. *See Moore v Montefiore Med. Ctr.*, No. 22-cv-10242 (ER), 2023 U.S. Dist. LEXIS 197715, at \*16-

17 (S.D.N.Y. Nov. 3, 2023); *Sharikov v Philips Med. Sys. MR*, 103 F.4th 159, 165-166 (2d Cir 2024). Neither can Plaintiffs prove that their requested exception was the motivating factor. *See Jones-Cruz v Brookdale Hosp. Med. Ctr.*, No. 19-CV-06910 (MMG), 2025 U.S. Dist. LEXIS 108024, at *38 (S.D.N.Y. June 6, 2025). Indeed, Plaintiffs attach to their complaint exhibits showing that their terminations were motivated not by religious discrimination, but by their failure to comply with the mandate. *See* Compl. ¶ 89; correspondence annexed to complaint as Exhibits 13 Exhibit 22; and Exhibit 24; see also *Evans v NY City Dept. of Educ.*, No. 22-cv-7901 (ER), 2023 U.S. Dist. LEXIS 207827, at *24 (S.D.N.Y. Nov. 20, 2023). Therefore, Plaintiffs have  failed to state a claim of retaliation.

Plaintiffs allege they were entitled to a disciplinary hearing under Education Law § 3020. However, as explained below and established in multiple cases, Plaintiffs was not disciplined when they was terminated for failure to comply with the vaccine mandate. Rather, they was terminated for failure to comply with a lawful condition of employment. Courts in this Circuit have found that vaccination against COVID-19, including the vaccine mandate applied to DOE employees, is a lawful condition of employment. See, e.g., We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers); *Broecker v. New York City Dep't of Educ.*, 585 F. Supp. 3d 299, 314-15 (E.D.N.Y. 2022) (holding that the vaccine mandate was a valid condition of employment for DOE employees); *Garland v. New York City Fire Dep't*, 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021) (concluding that COVID-19 vaccination was a valid condition of employment under the DOH Order and applicable to New York City employees).

Because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no hearing was required under New York

18

Education Law Section 3020-a. *Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of NY*, 42 NY3d 986, 990 (2024); *Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of NY*, 213 AD3d 560 (1st Dept 2023) (finding that NYC DOE's employment action of placing teachers who did not comply with the Vaccination Mandate on LWOP status was not discipline under New York Education Law and was "merely a response to petitioner's refusal to comply with a condition of employment.") (citing Beck-Nichols, 20 N.Y.3d at 559). Accordingly, Plaintiff's claims premised on DOE's not affording Plaintiffs a 3020-a hearing should be dismissed.

**B.      Plaintiffs' Equal Protection retaliation claim is duplicative of their First Amendment**

Plaintiffs also argue that they were violated under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that the government treat all similarly situated people alike. *See Dolce v Connetquot Cent. Sch. Dist.*, No. 24-CV-00622 (HG), 2025 U.S. Dist. LEXIS 67970, at *32 (E.D.N.Y. Apr. 9, 2025). Plaintiffs are claiming Defendants retaliated against them by virtue of implementing the vaccine mandate and denying their religious exemption request. However, Plaintiffs are repeating the same arguments made in their First Amendment claim. Courts in the Second Circuit have dismissed, as duplicative, equal-protection claims that merely restate First Amendment retaliation claims. *Id.*

### POINT VIII

### PLAINTIFFS' FIFTH AMENDMENT CLAIMS SHOULD BE DISMISSED

To state a deprivation of due process claim, a plaintiff must establish (1) that she possessed a protected property interest; and, (2) that she faced a deprivation of that interest without constitutionally adequate process. *See Peralta v. N.Y. City Dep't of Educ.*, No. 21-CV-6833(EK)(LB), 2023 U.S. Dist. LEXIS 169529 at *11 (E.D.N.Y. Sept. 22, 2023). Generally, courts in this circuit have consistently found that the DOE Vaccine Mandate, the process by which DOE

employees were notified of the Mandate and how to apply for an exemption to the Mandate, and the termination of their employment following an employee's failure to comply with the Mandate, did not violate due process. *See e.g., Broecker*, 585 F.Supp3d at 299.

Moreover, Plaintiffs Badillo and Mendoza had the option to pursue a post-deprivation remedy in New York state court pursuant to Article 78 of the New York Civil Practice Law such a proceeding is a perfectly adequate post-deprivation remedy. *See Peralta*, 2023 U.S. Dist. LEXIS 169529 at *11. Indeed, Plaintiffs Badillo and Mendoza's due process claim here should be dismissed in its entirety because it should have been brought as an Article 78, but is time-barred by the four month statute of limitations that applies to such proceedings. *See Schwartz v City of NY*, 19-cv-05204 (AT) (SDA), 2020 U.S. Dist. LEXIS 11516, at *10 (S.D.N.Y. Jan. 22, 2020); *Gonzalez v Dist. Council 37, AFSCME, AFL-CIO, SSEU Local 371*, 843 F App'x 361, 363 (2d Cir 2021). However, Plaintiff Matyas filed an Article 78 petition on July 26, 2022 that was denied on February 2, 2023. *See* Decision, to the Charles Decl. as Exhibit D.

To the extent Plaintiffs alleges a violation of Education Law § 3020-a, because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no such hearing was required. *See* Point VII, supra.

## POINT IX

### PLAINTIFF FAILS TO PLAUSIBLY PLEAD A DEPRIVATION OF A LIBERTY INTEREST WITHOUT DUE PROCESS

Plaintiffs makes a passing reference to an alleged "stigma plus" claim in connection with the alleged placement of a "problem code" in the DOE's employee database without being given an opportunity to have a hearing and which may impair Plaintiffs' ability to secure future employment. *See* Complaint ¶¶ 2, 61, 62, 63, 64. Any such claim is unavailing. A

20

To make out such a claim, Plaintiffs must demonstrate a "stigma," which is "the utterance of a statement about [them] that is injurious to [their] reputation, that is capable of being proved false, and that [they] . . . claims is false," and a "plus," which is "some tangible and material state-imposed burden in addition to the stigmatizing statement." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005). (internal quotation marks and alterations omitted). "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty - for example, the loss of employment, or the termination or alteration of some other legal right or status." *Boss v. Kelly*, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (summary order) (quoting *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005)).

Plaintiffs cannot carry this burden as they do not plausibly allege that there was a false, stigmatizing statement about them that was publicly disclosed. *See Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 631 (2d Cir. 1996) ("Stigmatizing statements by the government about an employee upon her discharge only implicate a liberty interest when there is also public disclosure."). As to the "statement," it is an internal entry in the DOE system. *See* Complaint ¶¶ 61, 62, 63, 64, 65. Even if their characterization of the so-called "problem code" were correct, the information is not false, let alone stigmatizing. *See Fugelsang*, 2025 U.S. Dist. LEXIS 61440, at *21. (Courts in this circuit have consistently held that allegations regarding placement on DOE's problem code database, even without a "name-clearing hearing," are insufficient to state a stigma plus claim where no statement about the plaintiff was published outside of the agency)). Nor do Plaintiffs allege that the code was published by the DOE. Even if the code were some kind of "problem code," which it was not, courts have found that such indicators do not satisfy the dissemination requirement. *See McDonald v. Bd. of Educ.*, No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325, at *23 (S.D.N.Y. 2001).In any event, DOE

21

implemented a separate internal code, unrelated to performance or misconduct issue, specific to the DOH Order mandating vaccination of DOE employees to ensure that vaccination status was reviewed prior to any return of an employe placed on LWOP due to non-compliance with the vaccine mandate.  *See* Exhibit E, annexed to Charles Decl.  Again, such codes are only visible to internal DOE Human Resources staff, and the underlying basis is only accessible by OPI.  They are not published.  *See id.*  Moreover, the DOE has provided notice and processes that comport with Constitutional due process requirements before and after termination, no additional process is required. Furthermore, Plaintiff Badillo's claim that because of this code she cannot get a job is belied by the fact that Plaintiff Badillo as hired to work for DOE on May 8, 2023.

Accordingly, Plaintiff fails to plausible state a stigma plus  and denial of liberty interest claim.

## POINT X

## PLAINTIFFS' FRAUD IN THE INDUCEMENT CLAIMS SHOULD BE DISMISSED

Under Rule 9(b) to sufficiently plead fraud in the inducement a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." *Kalaj v. Ka*y, No. 23-CV-4395, 2023 U.S. Dist. LEXIS 122687 at*23 (E.D.N.Y. July 17, 2023). Plaintiff fails to satisfy even one of the pleading requirements to sufficiently state a fraud in the inducement claim and it should accordingly be dismissed.

## POINT XI

## ALL CLAIMS AGAINST RODI SHOULD BE DISMISSED

**A.**    **Katherine Rodi should be dismissed because she was never served.**

Generally, government officials sued in their individual capacities are not considered to be in privity with the government." *See Nnaka v Fed. Republic of Nig.*, 18-cv-4404 (GHW) (KHP), 2019 U.S. Dist. LEXIS 161333, at *16 (S.D.N.Y. Aug. 12, 2019). "Under Federal Rule of Civil Procedure 4(e)(2), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *See Empire Community Dev. LLC v Campoverde,* 22-Civ 4046 (RPK)(VMS), 2023 U.S. Dist. LEXIS 149628, at *11-12 (E.D.N.Y. Aug. 23, 2023).

Here, Rodi was not properly served because serving Rodi at 100 Church Street ( *See* ECF Dkt. No. 7) was improper because it is not neither her "actual place of business, dwelling place or usual place of abode," and no one at that address is authorized to accept service on their behalf. *See Trabacchi v Dept. of Educ.*, No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 148512, at *17 (E.D.N.Y. July 31, 2025).

**B.    Plaintiffs have not alleged personal involvement on the part of Rodi, accordingly, the CHRL, SHRL, and 1983 claims against her should be dismissed.**

To state a plausible claim for relief under § 1983, a plaintiff must plead "the elements of the underlying constitutional violation directly against the official." T*angreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Under SHRL and CHRL, a plaintiff must allege that the defendant(s) had personal involvement in the alleged discriminatory conduct. *See Bernheim v NY City Dept. of Educ.*, No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400, at *11 (S.D.N.Y. July 9, 2020). This standard requires the plaintiff to plead "defendant's personal involvement in the alleged constitutional deprivation" with specific factual support. *Id.; Grullon v. City of New Haven,* 720 F.3d 133, 138 (2d Cir. 2013); *Williams v. City of New York*, 2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005).

Plaintiffs fail to plead Rodi's personal involvement in the allegedly wrongful conduct. In the 161-paragraph complaint, Rodi is mentioned in only two substantive paragraphs. Paragraph 62 of the complaint alleges that Defendant Rodi "punitively blocks anyone from ever getting a job in New York City public schools by creating a data file on a person seeking employment that contains damaging information about alleged misdeeds that may or may not be true." While paragraph 63 references statements Defendant Rodi made ten years ago during a deposition in a "PERB case" in November 2015. These allegations and their relevance to the instant case are speculative, at best. The complaint fails to allege what, if anything, Rodi allegedly did to discriminate or make decisions as to Plaintiffs' RA Requests.  Rodi was not personally involved in any of the complained of conduct, and Plaintiffs' § 1983, NYSHRL, and NYCHRL claims against her should accordingly be dismissed. *See Verne v. NY City Dept. of Educ.*, No. 21-CV-5427, 2022 US Dist LEXIS 180299, at *50 (SDNY Sep. 30, 2022) (holding under the NYSHRL and NYCHRL, Defendants are each only liable for their personal actions.)

Accordingly, because Plaintiffs have failed to plead any personal involvement on the part of Katherine Rodi, and have failed to serve her with a summons and complaint,  the claims against her should be dismissed.

### POINT XII

### ALL CLAIMS PLED UNDER 42 U.S.C. § 1988 AND 18 U.S.C. § 242 SHOULD BE DISMISSED

Plaintiffs appear to allege claims under 42 U.S.C. § 1988 and 18 U.S.C. § 242. *See Compl. at* ¶¶ 2, 26, 113.  However, 42 U.S.C. § 1988 provides no independent cause of action. *Chepilko v Cent. Amusement Intl., LLC (CAI)*, No. 11-CV -4273 (ARR), 2011 U.S. Dist. LEXIS 101405, at *4-5 (E.D.N.Y. Sep. 8, 2011); *Weiss v. Violet Realty, Inc*., 160 F. App'x 119, 120 (2d Cir. 2005) . Furthermore, if Plaintiffs intend to recover reasonable attorney's fees under § 1988(b)

or expert fees under § 1988(c), these claims fail because pro se litigants are not entitled to attorney's fees under § 1988. *See Chepilko*, 2011 U.S. Dist. LEXIS 101405, at *4-5. Similarly, Plaintiffs appear to bring claims under 18 U.S.C. § 242, which provides that any state actor who "willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected  by the Constitution or laws of the United States" faces *criminal liability. See Bey v Kings Family Ct.*, No. 25-CV-809 (AMD) (TAM), 2025 U.S. Dist. LEXIS 77157, at *5-6 (E.D.N.Y. Apr. 22, 2025). Section 242 is a criminal statute that does not provide a private right of action. See *Storm-Eggink v Gottfried*, 409 F App'x 426, 427 (2d Cir 2011). Therefore, Plaintiffs cannot pursue relief under 18 U.S.C. § 242 in this civil action and these claims should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss be granted, that all claims be dismissed with prejudice, that the relief requested by Plaintiffs be denied in all respects, and that judgment be entered for Defendants, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 8, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the
  City of New York
Attorney for Defendants The Department Of
Education Of The City Of New York and  Melissa
Aviles-Ramos
100 Church Street, Room 2-143
New York, New York 10007-2601
(212) 356-2458
shcharle@law.nyc.gov

By:    /s/ Shinequa Charles
       Shinequa Charles
       Assistant Corporation Counsel

Shinequa Charles,
  Of Counsel