Docket No. 25-CV-01861(OEM)(MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNABELLE MATYAS, DAISY BADILLO, and DAHLIA MENDOZA ,

                                Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, Chancellor; and KATHERINE RODI, Director of Employee Relations,

                                Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*

    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Shinequa Charles*
    *Tel: (212) 356-2458*
    *Matter No.: 2023-116374*

Shinequa Charles
  Of Counsel.

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................... **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT............................................................................................................................. 1

    POINT I..................................................................................................................... 1

        TO THE EXTENT THAT PLAINTIFFS FAILED
        TO DIRECTLY RESPOND TO DEFENDANTS'
        ARGUMENTS CONCERNING THEIR CLAIMS,
        THOSE CLAIMS SHOULD BE DISMISSED AS
        ABANDONED ................................................................................................ 1

    POINT II.......................................................... **ERROR! BOOKMARK NOT DEFINED.**

        PLAINTIFFS CONTINUES TO FAIL TO
        COMPLY WITH THE APPLICABLE NOTICE OF
        CLAIM REQUIREMENTS............................................................................ 2

    POINT III................................................................................................................... 3

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE
        TIME-BARRED ............................................................................................. 3

    POINT IV.................................................................................................................. 4

        PLAINTIFFS FAIL TO STATE A CLAIM FOR
        RELIGIOUS DISCRIMINATION................................................................. 4

        A.   PLAINTIFFS FIRST AMENDMENT
             CLAIMS MUST BE DISMISS.......................................................... 5

    POINT V ................................................................................................................... 6

        PLAINTIFFS FAIL TO STATE A CLAIM FOR A
        FAILURE TO ACCOMMODATE UNDER § 1983,
        THE SHRL AND THE CHRL ...................................................................... 6

    POINT VI.................................................................................................................. 7

        PLAINTIFFS FAIL TO STATE A CLAIM FOR A
        HOSTILE WORK ENVIRONMENT ........................................................... 7

POINT VII ............................................................................................................... 8

    PLAINTIFF FAILS TO PLAUSIBLY PLEAD A A
    STIGMA PLUS OR FRAUD ................................................................... 8

        A.   PLAINTIFF FAILS TO PLAUSIBLY PLEAD
            A FIFTH AMENDMENT VIOLATION ........................................... 9

POINT VIII .............................................................................................................. 9

    ALL CLAIMS AGAINST KATHEIRN RODI
    SHOULD BE DISMISSED ...................................................................... 9

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amorosi v. South Colonie Ind. Cent. School Dist.*,
  9 N.Y.3d 367 (2007) ...................................................................................................... 3

*Becker v Nassau Boces Sch. Dist., Bd. of Coop. Educ. Servs.*,
  No. 21-CV-2855 (ST), 2022 U.S. Dist. LEXIS 177878 (E.D.N.Y. Sep. 29,
  2022) ............................................................................................................................. 9

*Beckles v NY City Dept. of Educ.*,
  No. 23-cv-8663 (BMC), 2025 U.S. Dist. LEXIS 149503 (E.D.N.Y Aug. 4,
  2025) ............................................................................................................................. 7

*Bernheim v. New York City Dep't of Educ.*,
  No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400 (S.D.N.Y. Jul.
  9, 2020) .......................................................................................................................... 2

*Boss v. Kelly*,
  306 Fed. Appx. 649 (2d Cir. 2009) ................................................................................ 8

*Garland v. NY City Fire Dept.*,
  No. 23-663, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024) ................................... 5

*Grullon v. City of New Haven*,
  720 F.3d 133 (2d Cir. 2013) ........................................................................................... 9

*Hall v NY City Dept. of Educ.*,
  No. 23-cv-10385 (JGK), 2024 US Dist LEXIS 218898 (S.D.N.Y., Dec. 3,
  2024) ............................................................................................................................. 4

*Harper v Hunter Coll.*,
  95 Civ. 10388 (JFK), 1999 US Dist LEXIS 2925 (S.D.N.Y., Mar. 15, 1999) ............... 4

*Kane v. de Blasio*,
  623 F. Supp. 3d 339 (S.D.N.Y. 2022) ........................................................................... 7

*Martinez v City of NY*,
  338 F App'x 71 (2d Cir 2009) ....................................................................................... 8

*Nanakumo v NY City Health & Hosps. Corp.*,
  No. 23-cv-00314 (ALC), 2025 U.S. Dist. LEXIS 56508 (S.D.N.Y. Mar. 26,
  2025) ............................................................................................................................. 7

*New Yorkers for Religious Liberty, Inc. v City of NY*,
    121 F.4th 448 (2d Cir 2024) ...................................................................................5, 6

*We the Patriots USA, Inc. v. Hochul*,
    17 F.4th 266 (2d Cir. 2021) ....................................................................................5, 7

*Williams v. Mirabal*,
    No. 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676 (S.D.N.Y. Jan. 16, 2013).....................10

**Statutes**

Americans with Disabilities Act ........................................................................................1

Education Law § 3020-a ..............................................................................................6, 7

Education Law § 3813(2-b) .......................................................................................2, 3, 4

New York Education Law § 3813.......................................................................................3

New York Education Law § 3813(1)...............................................................................2, 4

State Executive Law § 296..........................................................................................2, 3, 7

State Executive Law § 296................................................................................................1

New York City Administrative Code § 8-107 ..............................................................1, 2, 3, 7

**PRELIMINARY STATEMENT**

Plaintiffs *pro se* Annabelle Matyas, Daisy Badillo, and Dahlia Mendoza, former teachers with the New York City Department of Education ("DOE"), bring this action against DOE, DOE Chancellor Melissa Aviles-Ramos, and Director of Employee Relations Katherine Rodi ("collectively Defendants"). Plaintiffs appear to assert claims under the Americans with Disabilities Act ("ADA"); the New York State Executive Law § 296 ("SHRL"); the New York City Administrative Code § 8-107 ("CHRL"); a claim for fraud in the inducement; claims under the First, Fifth, and Fourteenth Amendments to the United States Constitutions; and claims under 42 U.S.C. §§ 1983 and 1988, and 18 U.S. Code § 242. Plaintiffs allege they were subjected to discrimination and deprived of their constitutional rights when they were denied accommodations to the Covid-19 vaccine mandate and had their employment terminated with the DOE.

Defendants moved to dismiss Plaintiff's Complaint in its entirety. In opposition, Plaintiffs have failed to make any arguments in law or fact to defeat Defendants motion. Accordingly, for the reasons set forth below and in Defendants' moving papers, the Court should grant Defendants' motion and dismiss the Complaint in its entirety with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES**

For the reasons set forth in Defendants' moving papers, to the extent Plaintiffs bring any federal statutory claims under the ADA and/or Title VII for religious or disability discrimination or retaliation, such claims should be dismissed due to Plaintiffs' failure to exhaust their administrative remedies. Plaintiffs Matyas and Mendoza have never filed any charges with the U.S. Equal Employment Opportunity Commission ("EEOC") or equivalent City or State

agency. And although Plaintiff Badillo filed a charge with the EEOC, she does not allege to have received a right to sue letter. Other than conclusory arguments that Plaintiffs exhausted, *see* Plaintiff's Opposition to Defendants Motion to Dismiss dated October 28, 2025, sent via email on October 29, 2025 ("Pl. Opp.") at 3, Plaintiffs have completely failed to oppose Defendants' argument or to cite to any specific evidence of their having exhausted or received a right to sue letter.

## POINT II

## PLAINTIFFS FAIL TO COMPLY WITH THE NOTICE OF CLAIM REQUIREMENTS

As set forth in Defendants' moving papers, because Plaintiffs have failed to timely serve notices of claim, their claims under the SHRL and CHRL against the DOE and Chancellor Aviles-Ramos should be dismissed for failure to comply with a condition precedent to suit. Pursuant to "New York Education Law § 3813(1), a plaintiff must 'file a notice of claim prior to any action against a school district or its officers, to be presented within three months of the date when the claim arose.'" *Bernheim v. New York City Dep't of Educ.*, No. 19-CV-9723 (VEC)(JLC), 2020 U.S. Dist. LEXIS 120400, at *9 (S.D.N.Y. Jul. 9, 2020) (quoting *Peterson v. New York City Dep't of Educ.*, No. 18-CV-1515 (ILG), 2020 U.S. Dist. LEXIS 88964 (E.D.N.Y. May 20, 2020)). Here, while Plaintiff Matyas served a notice of claim, it was nearly a year too late. Because, at the very latest, Plaintiff Matyas' causes of action began to accrue on April 7, 2022, when she was terminated, she was required to file her notice of claim within three months, or by July 7, 2022; but she failed to do so until more than 10 months later on May 9, 2023. Plaintiffs Mendoza and Badillo completely failed to file any notice of claim at all. All three Plaintiffs failed to comply with conditions precedent to suit for their under the SHRL and CHRL.

In opposition, Plaintiffs argue that the notice of claim requirements are not applicable to their federal claims under § 1983. *See* Pl. Opp. at 13-14. Plaintiffs' argument misses the mark here because it is their state law claims under the SHRL and the CHRL that should be dismissed for failure to comply with conditions precedent to suit, not their federal claims.

### POINT III

#### MOST OF PLAINTIFFS' CLAIMS ARE TIME-BARRED

New York Education Law § 3813 has a one-year statute of limitation for state law claims against the DOE. *See* N.Y. Educ. Law §§ 3813(1) and 3813(2-b); *Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 373 (2007). Because the three Plaintiffs were terminated effective either March 17, 2022 (Plaintiff Badillo) or April 7, 2022 (Plaintiffs Matyas and Mendoza), *see* Am. Compl. ¶¶ 75, 89, 102, those are the latest dates that their causes of action accrued. Plaintiffs, therefore, were required to bring their state law claims against the DOE and the Chancellor within one year, or by March 17, 2023 and April 7, 2023, respectively. But Plaintiffs commenced this action on April 4, 2025, approximately two years after the statute of limitations had expired. Therefore, Plaintiff's SHRL and CHRL claims are time-barred.

In opposition, Plaintiffs concede that their claims against the DOE and its Chancellor should be commenced within one year. *See* Pl. Opp. at 10. But Plaintiffs' argument that the statue of limitations for claims under the CHRL and SHRL is three years, *id*. at 10-13, misstate the law. The New York Court of Appeals held in *Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 373 (2007), that the one-year statute of limitations set forth in Education Law § 3813(2-b) applied to SHRL/CHRL claims against the DOE, and not the three-year statute of limitations. To the extent Plaintiffs argue that Plaintiff Badillo's EEOC charge dated February 14, 2022 tolled the one-year limitations period imposed by N.Y. Educ. Law § 3813, that

argument fails. As an initial matter, Plaintiff Badillo's EEOC charge cannot toll the claims brought by Plaintiffs Matyas and Mendoza, which are clearly time barred. And the "availability of tolling here implicates an intra-district split….Courts in this District disagree on whether the filing of a charge with the EEOC tolls the statute of limitations for related claims under the NYSHRL." *Hall v NY City Dept. of Educ.*, No. 23-cv-10385 (JGK), 2024 US Dist LEXIS 218898, at *21 (S.D.N.Y., Dec. 3, 2024) (internal quotation marks and citations omitted). But even if tolling were to apply to Plaintiffs' state law claims here, "[b]ecause the plaintiff clearly did not comply with the notice-of-claim requirements set forth in New York Education Law § 3813(1), requiring dismissal of her state and municipal claims…it is unnecessary to reach the tolling issue in this case." *Id*.

As to Plaintiffs' federal claims under § 1983, which has a three-year statute of limitations, such claims here are mostly time-barred. Plaintiffs allege that they were subjected to religious discrimination when their requests for exemptions were denied on December 3, 2021, February 15, 2022, and March 28, 2022, respectively. But Plaintiffs did not file the instant action until April 4, 2025, which is more than three years after those claims accrued. And "the statute of limitations for a § 1983 claim is not tolled by the filing of an EEOC charge…." *Harper v Hunter Coll.*, 95 Civ. 10388 (JFK), 1999 US Dist LEXIS 2925, at *8 (S.D.N.Y., Mar. 15, 1999).

## POINT IV

### PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION

**A.    Plaintiffs' Religious Discrimination Claims Should Be Dismissed**

As set forth more fully in Defendants' moving papers, Plaintiffs fail to plead any facts to establish the requisite intent for a religious discrimination claim. In opposition, Plaintiffs argue in a wholly conclusory manner that they were subjected to discrimination, but Plaintiffs fail to provide any factual enhancement or support for discriminatory intent by Defendants. *See* Pl.

4

Opp. at 3-10. In support of their argument, Plaintiffs rely on an unpersuasive blog from the website, advocatz.com, which self-describes as, "[w]e are paralegals, non-attorney advocates, and Expert witnesses who support all of our clients as they pursue a just and fair resolution through litigation, negotiation, arbitration, and mediation," and which argues in a conclusory manner that the federal caselaw upholding the Covid-19 vaccine mandate as neutral was decided incorrectly. https://advocatz.com/2025/01/25/new-york-state-court-of-appeals-issues-an-amended-judgment-in-new-yorkers-for-religious-liberty-et-al-v/ (last visited December 12, 2025). Plaintiffs also rely on testimony from Defendant Director of Employee Relations Rodi, but such testimony fails to establish any religious discrimination. Indeed, parts of the testimony quoted by Plaintiffs undercuts their argument by demonstrating that religious accommodation requests were considered without bias. Plaintiffs quote Ms. Rodi as testifying that "we reviewed to make sure they had submitted something to support, you know, that it was religious in nature. We didn't judge what it was."

Contrary to Plaintiffs' argument that the vaccine mandate was never a term of employment, this Circuit and Court have ruled that the COVID-19 vaccine was a condition of employment which applied to all DOE employees. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers); *Garland v. NY City Fire Dept.*, No. 23-663, 2024 U.S. App. LEXIS 2651, at *7 (2d Cir. Feb. 6, 2024) ("Both this court and many New York state courts have held that vaccination is a 'condition of employment.'"). Moreover, Plaintiffs have failed to identify any similarly situated individuals who were not in the protected class but otherwise treated better than them is fatal to their equal protection selective enforcement claim.

**B.      Plaintiffs' First Amendment Claims Should Be Dismissed**

In opposition, Plaintiffs seems to rely on *New Yorkers for Religious Liberty, Inc. v*

*City of NY*, 121 F.4th 448 (2d Cir 2024) to support their argument that they have sufficiently plead a free exercise claim. However, reliance on *New Yorkers for Religious Liberty* is misplaced. First, with regards to the free exercise challenge, in *New Yorkers for Religious Liberty,* the court found that "City's Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable, and facially constitutional." 121 F. 4th 460. Second, with respect to the Establishment Clause challenge, which appears to be the primary contention in Plaintiffs' opposition, the court in *New Yorkers for Religious Liberty* actually affirmed the dismissal. *Id*. at 461. The court held that the complaint failed to allege facts showing that the Citywide Panel favored certain religions or was "infected" with religious animus.

## POINT V

### PLAINTIFFS FAIL TO STATE A CLAIM FOR A FAILURE TO ACCOMMODATE

As Defendants set forth in their moving papers, even assuming without conceding, for the purpose of this motion to dismiss only, that Plaintiffs had plausibly alleged a sincerely held religious belief in connection with their application for a religious exemption from the vaccine mandate, the DOE could not have accommodated Plaintiffs without suffering an undue hardship. In opposition, Plaintiffs' suggestion, *see* Pl. Opp., at 20-21, that they could have been accommodated without an undue hardship by assigning Plaintiffs to non-teaching administrative duties outside of a classroom (derisively called by some teachers as being assigned to the "rubber room"), placing them on the Absent Teacher Reserve or given a remote teaching assignment is clearly specious. First, the DOE will sometimes temporarily reassign tenured teachers who have been served with disciplinary charges under Education Law § 3020-a to administrative duties outside of the classroom in situations where the proposed charges render it inappropriate for the teacher to remain having contact with students pending adjudication of the charges. By contrast,

Plaintiffs, having failed to comply with a condition of employment, had no entitlement to the due process protections of § 3020-a. Courts in this Circuit have found that vaccination against COVID-19, including the vaccine mandate, is a lawful condition of employment. *See, e.g., We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) Secondly, it is critical to weigh decisions based on the circumstances at that time. Assigning an unvaccinated employee to work with other employees and with students would be unsafe. Importantly, the purpose of the vaccine mandate was to ensure the safety of those within its educational environment. *See Kane v. de Blasio*, 623 F. Supp. 3d 339, 348, 354 (S.D.N.Y. 2022). Moreover, as teachers, Plaintiffs have not alleged how they could have performed the essential functions of their job from the "rubber room," "Absent Teachers Reserves," or home. *See Beckles v NY City Dept. of Educ.*, No. 23-cv-8663 (BMC), 2025 U.S. Dist. LEXIS 149503, at *5 (E.D.N.Y Aug. 4, 2025)( citing *Wilson v. Mid-Hudson Forensic Psychiatric Ctr.,* No. 23-cv-8911, 2025 U.S. Dist. LEXIS 85690, 2025 WL 1295655, *8 (S.D.N.Y. May 5, 2025) (By extension, "[h]ir[ing] another employee to cover plaintiff's in-person duties" qualifies as an undue hardship when those duties are essential to the plaintiff's position.)) Thus, Plaintiffs' §1983, the SHRL and the CHRL failure to accommodate claim should be dismissed.

## POINT VI

### PLAINTIFFS FAIL TO STATE A CLAIM FOR A HOSTILE WORK ENVIRONMENT[1]

For the first time in their Opposition, Plaintiffs are seemingly alleging the enforcement of the vaccine mandate itself created a hostile work environment – that argument is flawed. *See Nanakumo v NY City Health & Hosps. Corp.*, No. 23-cv-00314 (ALC), 2025 U.S. Dist. LEXIS 56508, at *20 (S.D.N.Y. Mar. 26, 2025)(Plaintiff's allegations relate to the imposition

---

[1] Plaintiffs for the first time in their opposition raise a claim for hostile work environment.

of the vaccine mandate and, even when liberally construed, do not reflect any religious animus). Here, Plaintiffs have failed to plausibly allege facts that their workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive. *See Martinez v City of NY*, 338 F App'x 71, 73 (2d Cir 2009). Moreover, Plaintiffs have not plausibly alleged that Defendants created a hostile work environment because of Plaintiffs' membership in a protected class, including their religion. Plaintiffs offer no other evidence, aside from the fact that they applied for an exemption and were denied, to suggest that they were subjected to a religious-based hostile work environment.

## POINT VII

### PLAINTIFFS FAIL TO PLAUSIBLY PLEAD A A STIGMA PLUS OR FRAUD

Plaintiffs' opposition seems to allege that they have plausibly pleaded a deprivation of liberty interest in their good name without due process. Plaintiffs fail to plausibly plead a "stigma," i.e. a statement about them that is injurious to their reputation, that is false and a "plus," which is "some tangible and material state-imposed burden in addition to the stigmatizing statement." *See Boss v. Kelly*, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (summary order) (quoting *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005)). *See also* Def. Memo. at 20-22. Plaintiffs have not alleged any tangible documentation to support that the problem code[2] information contained in the DOE's database is disclosed outside of DOE. Plaintiffs allege in a conclusory manner that "the problem code has permanently scarred their careers, and lives." However, Plaintiff Badillo's claim that because of this code she cannot get a job is belied by the fact that Plaintiff Badillo was hired

---

[2] Plaintiffs also contend in a conclusory manner that the problem codes constituted retaliation. But for the reasons set forth in Point VII of Defendants' moving papers, Plaintiffs have not pled facts to plausibly establish any causal connection between any protected activity and the problem codes.

8

to work for DOE on May 8, 2023. Furthermore, Plaintiffs were given multiple opportunities with DOE, the Citywide panel, and an independent arbitrator to clarify and particularize their religious beliefs. *See* Compl. ¶¶ 72, 73, 74, 81, 82, 83, 87, 96, 97, 98, 100; *see also* Compl.; Exhibit 11c, Absent from the complaint are any allegations that Defendants made a fraudulent statement.

A.  **Plaintiff Fails To Plausibly Plead A Fifth Amendment Violation**

Plaintiffs also loosely reference a Fifth Amendment claim. *See* Pl. Opp. p 14. To the extent that Plaintiffs assert that Defendants deprived them of due process rights in violation of the Fifth Amendment, such a claim must be dismissed because the Fifth Amendment only applies to actions by the Federal Government. *See Becker v Nassau Boces Sch. Dist., Bd. of Coop. Educ. Servs.*, No. 21-CV-2855 (ST), 2022 U.S. Dist. LEXIS 177878, at *20 (E.D.N.Y. Sep. 29, 2022).

**POINT VIII**

**ALL CLAIMS AGAINST KATHERINE RODI
SHOULD BE DISMISSED**

While Plaintiffs contend in their Opposition that an attempt of service on Katherine Rodi was made at 65 Court Street, Plaintiffs' Exhibits 38, 38a, and 38b do not reflect that assertion. Plaintiffs' Exhibit 38, proof of service, which was filed with the Court on May 6, 2025, states that service on Katherine Rodi was made on 100 Church Street New York, NY. But because Ms. Rodi does not work at 100 Church Street, she was not properly served. Moreover, even if Plaintiffs had properly served Ms. Rodi (which they have not), Plaintiffs have not plead "[Rodi's] personal involvement in the alleged constitutional deprivation" with specific factual support. *Id.; Grullon v. City of New Haven,* 720 F.3d 133, 138 (2d Cir. 2013). Plaintiffs continue to rely on a deposition from ten years ago of Ms. Rodi in a "PERB case" in November 2015, which again has no relevance and is time barred. There are no factual allegations that Defendant Rodi discriminated or made decisions as to Plaintiffs' reasonable accommodation requests.

## POINT IX

**PLAINTIFFS HAVE ABANDONED THEIR CLAIMS UNDER 42 U.S.C. § 1988, 18 U.S.C. § 242 AND FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE UNDER THE NYCHRL**

Defendants moved to dismiss Plaintiffs' claims for failure to engage in a cooperative dialogue (*see* Def. Mem. at Point VII) and under 42 U.S.C. § 1988 and 18 U.S.C. § 242 (*id*. at Point 12). In their opposition papers, Plaintiffs fail to address any of Defendants' arguments as to these points. Thus, Plaintiffs have abandoned these claims, which should be dismissed. *See Williams v. Mirabal*, No. 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676, at *4 (S.D.N.Y. Jan. 16, 2013) (A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its motion to dismiss the Complaint in its entirety with prejudice and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 12, 2025

                                              **MURIEL GOODE-TRUFANT**
                                              Corporation Counsel of the
                                                 City of New York
                                              Attorney for Defendants
                                              100 Church Street
                                              New York, New York 10007
                                              (212) 356-2458
                                              shcharle@law.nyc.gov

                               By:    /s/ *Shinequa Charles*
                                              Shinequa Charles
                                              Assistant Corporation Counsel