*** Filed ***
10:01 PM, 11 Jun, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
——————————————————————X

**ANNABELLE MATYAS, DAISY BADILLO, and DAHLIA MENDOZA,**

Plaintiffs

**DOCKET: 25-CV-1861 (OEM)(MMH)**

-against-

**NOTICE OF MOTION**
**FOR LEAVE TO FILE A**
**FIRST AMENDED**
**COMPLAINT**

**THE DEPARTMENT OF EDUCATION**
**OF THE CITY OF NEW YORK, MELISSA**
**AVILES-RAMOS, Chancellor; and**
**KATHERINE RODI, In Her Official Capacity as**
**Executive Director, Employee Relations and General**
**Committee for the Department of Education,**

Defendants

——————————————————————X

**PLEASE TAKE NOTICE** that, upon the accompanying  Motion for Leave to File an Amended

Complaint, the proposed First Amended Complaint, together with all exhibits attached thereto,

and all prior pleadings, proceedings, and submissions in this action, Plaintiffs pro se Annabelle

Matyas, Daisy Badillo and Dahlia Mendoza will move before the Honorable Judge Orelia E.

Merchant, United States District Judge, Eastern District of New York, at the United States

Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be set by

the Court, for an Order:

**1.** Granting Plaintiffs leave to file a First Amended Complaint

**2.** Directing Plaintiffs to file the proposed First Amended Complaint attached; and

**3.** Granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to District Judge Merchant's revised

Order dated June 8, 2026, Plaintiffs have been exempted from providing a redlined comparison

of the operative pleading and are therefore submitting only the proposed First Amended

Complaint attached herein.

Dated: June 12, 2026
        Fresh Meadows, N.Y.

Respectfully submitted,

/s/Annabelle Matyas,          /s/Daisy Badillo          /s/Dahlia Mendoza

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

_____X

**ANNABELLE MATYAS, DAISY BADILLO, and DAHLIA MENDOZA,**

Plaintiffs

**DOCKET: 25-CV-1861 (OEM)(MMH)**

-against-

**MOTION FOR LEAVE TO FILE A FIRST AMENDED**

**COMPLAINT**

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, Chancellor; and KATHERINE RODI, In Her Official Capacity as Executive Director, Employee Relations and General Committee for the Department of Education,**

Defendants

_____X

**PRELIMINARY STATEMENT**

Pro se Plaintiffs Annabelle Matyas, Daisy Badillo and Dahlia Mendoza ("Plaintiffs) submit this

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT ("FAC")  to clarify and

refine their arguments in  support of (1) this Court's jurisdiction over Defendant Katherine Rodi

in the deprivation of their substantive Constitutional rights both as Director of Employee

Relations and in charge of placement of the Problem Code, as well as the Director of the DOE's

"General Committee", in charge of denying all religious accommodation ("RA") appeals without

review; (2) the proof of proper service on Defendant Rodi already made in 2025, **EXHIBIT A**,

and Affidavit of Betsy Combier, **EXHIBIT B**, attached; and (3) adding newly discovered

relevant evidence showing collusion and bad faith by the Defendants with the Office of Labor Relations ("OLR") in creating a creating a strategy that would bias arbitrators against approval of any RA Appeals.(Exhibit 7, FAC, and **EXHIBIT C**, attached)

One focus of the FAC is to refine Plaintiffs' arguments concerning the discipline they received by their fingerprints and personnel files flagged with a Problem Code, namely suspension without pay and termination. Plaintiffs discovered there was such a thing as a "Problem Code" in the fall of 2022 and in February 2023. Therefore, as this stigma on their personnel files was never disclosed until well within the three-year statute of limitations for claiming Constitutional harm. Plaintiffs argue in their FAC that the placement of the Problem Code on their files changed the nature of their termination from misconduct for not getting vaccinated, to charges for submitting a request for religious exemptions/accommodations. In this matter, the accommodation sought was an exemption, and the exemption was an accommodation to teach remotely. Plaintiffs suggest that they may have a new timeline for their losses of salary, medical benefits, tenure status and pension because the disclosure of the Problem Code transformed the process used by Defendants into punishment for Plaintiffs having religious beliefs that conflicted with a Leave Without Pay (LWOP) and COVID Vaccine Mandate created by Martin Scheinman out of whole cloth. Also, there is new information about how the Defendants tainted the implementation of the RA Appeals procedure, that the FAC will examine.

It is clear that the Problem Code biased arbitrators against them, created a permanent block to getting their employment restored to them at the DOE, and this Code could not be removed from their personnel files and fingerprints. Defendants used LWOP, the Problem Code and termination to retaliate against Plaintiffs as well as punish them for requesting religious accommodations rather than get vaccinated.

As a result of Defendants' inability to find any good reason for placement of the Problem Code on all unvaccinated DOE employees' personnel files and fingerprints without their knowledge or consent in October 2021, Defendants claim that Katherine Rodi was never served, or never served correctly. This is false information. Defendants believed, it seemed, that this claim would allow them to simply ignore the Problem Code and its' consequences to Plaintiffs relevant to harm at a Constitutional level.

In the Order to file a proposed First Amended Complaint, Judge Merchant wrote that

"Plaintiffs are granted leave to file an amended complaint so Plaintiffs shall be permitted to properly serve their amended complaint upon the named defendants. *See Trabacchi*, 2025 WL 2922708, at *7 (recommending that the court decline to dismiss based on improper service and recommending that the plaintiff be allowed to cure her deficient service by properly serving her amended complaint upon any defendants named in the amended complaint)."

After a review of the arguments made on this issue of service in the Trabacchi case, Plaintiffs state for the record that in this matter, Katherine Rodi was properly served on May 6, 2025 (Docket #7). In Trabacchi, (24-cv-06123-RPK-TAM) on November 15, 2024, City Attorneys Kathleen Linnane and Brigid Lynn lied about improper service on Katherine Rodi and Ramos in their Memorandum of Law in Support of Defendants' Motion To Dismiss the Complaint (Rodi and Ramos are named Defendants). The City wrote that Plaintiff (Jadenae Trabacchi) "has failed to properly serve her Summons and Complaint on Defendants Banks and Rodi, warranting dismissal of all claims against those two parties." Linnane and Lynn gave the Judge false information that they *knew was false*. The same false information was submitted in this case.

On the Trabacchi case Docket, at #7 dated 9/26/2024, is the following: "Katherine Rodi served on 9/24/2024, answer due 10/15/2024. (SG) (Entered: 09/27/2024)". So, almost 1 year earlier,

without any problem, Katherine Rodi was successfully served at 100 Church Street in Manhattan. Plaintiff Trabacchi contacted Education Workplace Investigator and Advocatz.com Editor Betsy Combier, and told Ms. Combier what happened. Ms. Combier submitted an Affidavit about the history of Katherine Rodi and service of process on her at 100 Church Street. See **EXHIBIT B**, attached.

In this matter, Rodi was served on 5/6/2025 (Docket #7) and the Summons is stamped by the E.D.N.Y. and the New York City Law Department. Therefore there is no reason to re-serve either Rodi  or Ramos (now David Banks). However, Plaintiffs continue to want to submit a FAC on all the other arguments claimed herein and in the proposed FAC, attached.

Additionally, the newly discovered MEMO-UFT Accommodation Process (EXHIBIT 7, FAC) is shocking, and never before seen. That Steven Banks, the General Counsel, of the Office of Labor Relations (OLR) would work with former DOH Commissioner David Chokshi to sway Arbitrators to deny requests for religious accommodations submitted by NYC DOE employees because they were all "BS" is outrageous. OLR is a major Agency in NYC and a main communication hub for the Mayor of NYC and the NYC Department of Education. Authorized by Executive Order 38 (February 7, 1967) amended by Executive Order 13 (July 24, 1990), the Office represents the Mayor in the conduct of all labor relations between the City of New York and labor unions representing employees of the City. The Commissioner serves on behalf of the Mayor as the City's liaison with both labor and management in the private sector.

The Commissioner represents the Mayor before the Office of Collective Bargaining in representations and all other matters over which the Office of Collective Bargaining possesses jurisdiction. Additionally, the Commissioner administers the Health Benefits Program, Management Benefits Fund, Employee Assistance Program, Medicare Part B Reimbursement

and Pre-Tax Benefits & Citywide Programs including the Deferred Compensation Plan and NYCE IRA.

OLR worked with the Defendants to deny Grievances at Step 2 if the grievance cited the COVID mandate. See **EXHIBIT C**, attached.

Defendants denied the validity of Plaintiffs' claims and based their denial on false information and baseless claims without any facts to support them. In the proposed First Amended Complaint Plaintiffs focus on the Defendants' failure to accommodate their religious beliefs and their baseless denial of a pre-termination hearing/discovery that would flush out exactly what accommodation was available. Defendants' excuse for denying Plaintiffs their continued employment was to use "undue burden" with no explanation of what that meant. This meaningless term has been thrown out by many Judges in this Court.

Defendants have not made a strong showing on the merits of Plaintiffs' Complaint. Under *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433 (S.D.N.Y. 2002), dismissal is appropriate only if the motion to dismiss is not "without foundation in law." Plaintiff's Complaint set forth substantial factual and legal bases, constitutional violations, and improper denial of religious accommodations to overcome Defendants' Motion To Dismiss at this stage in the litigation.

Plaintiffs should be able to move on to their FAC and discovery, not only because of the claims made here above, but because this Court should be unwilling to dismiss this case without a First Amended Complaint pursuant to FRCP Rule 15.1.

At all times. Plaintiffs complained about the *implementation* of the COVID Vaccine Mandate ("CVM"), or the CVM *as applied* to them, and never presented a facial challenge. This invalidates most of Defendants' arguments. Additionally, the CVM never changed the terms and conditions of Plaintiffs' employment. The UFT *never* sent out any Memorandum of Agreement

or a revised CBA stating new terms of employment which were then ratified by a vote of all members. There was no Memorandum of Understanding that was agreed to and ratified. The Taylor Law mandates that employment salaries, discipline and termination are all to be bargained for and ratified by members. The CVM was never ratified and the CBA was never changed. Hospital personnel may, upon information and belief, have a clause in their contract that mandates vaccination. Teachers do not have any mention of this in their contract.

In conclusion, Plaintiffs request leave to file a First Amended Complaint to highlight the new information received about the actions of Defendants to sway RA Appeals, and to firm up their arguments so that they may receive their backpay and other relief by order from this Court.

Dated: June 12, 2026

/s/Annabelle Matyas          /s/Daisy Badillo          /s/Dahlia Mendoza

**PLEASE TAKE NOTICE** that, upon the accompanying Motion for Leave to File a First Amended Complaint, along with the proposed First Amended Complaint, all exhibits attached thereto, and all prior pleadings, proceedings, and submissions in this action, Plaintiffs pro se Annabelle Matyas, Daisy Badillo and Dahlia Mendoza will move before the Honorable Judge Orelia E. Merchant, United States District Judge, Eastern District of New York, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be set by the Court, for an Order:

**1.** Granting Plaintiffs leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) , Local Civil Rule 7.1(e), and the Judges' Practices and Rules, followed to the best of their abilities;

**2.** Directing Plaintiffs to file the proposed First Amended Complaint attached; and

**3.** Granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to District Judge Merchant's revised Order dated June 8, 2026, Plaintiffs have been exempted from providing a redlined comparison of the operative pleading and are therefore submitting only the proposed First Amended

Complaint attached herein.

Dated: June 12, 2026
      Fresh Meadows, N.Y.

Respectfully submitted,

/s/Annabelle Matyas,      /s/Daisy Badillo      /s/Dahlia Mendoza