# Exhibit A

AO 440 (Rev. 06/12) Summons in a Civil Action

ORIGINAL

EDUCATION

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2025 MAY -6 A 11: 54

RECEIVED PRO SE OFFICE
MAY 6 25 PM 2:07

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2025 MAY -6 A 11: 54

EDUCATION

| | |
|---|---|
| Annabelle Matyas; Daisy Badillo; Dahlia Mendoza | ) ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.   1:25-cv-01861-MMH |
| The Department of Education of the City of New York; Melissa Aviles-Ramos- Chancellor; Katherine Rodi- Director of Employee Relations | ) ) ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Department of Education
of the City of New York
65 Court Street
Brooklyn, NY 11201

Melissa Aviles- Ramos- Chancellor
65 Court Street
Brooklyn, NY 11201

Katherine Rodi- Director of Employee Relations
100 Gold Street
New York, NY 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Pro se:

Annabelle Matyas
7632 170th Street
Fresh Meadows, NY 11366

Daisy Badillo
13 Darin RD
Warwick, NY 10990

Dahlia Mendoza
5005 164th Street
Fresh Meadows, NY 11365

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
CLERK OF COURT

Date:   04/04/2025

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   1:25-cv-01861-MMH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, CHANCELLOR AND KATHERINE RODI, DIRECTOR OF EMPLOYEE RELATIONS

was received by me on *(date)* 5-6-25 .

☒ I personally served the summons on the individuals at *(place)*
100 CHURCH STREET, NY, NY, (NEW YORK) on *(date)* 5-6-25 ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* A, BOEBLER , who is

designated by law to accept service of process on behalf of *(name of organization)*
NYC LAW DEPARTMENT on *(date)* 5-6-25 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 5-6-25

*Nancy Barrantes*
Server's signature

NANCY BARRANTES
Printed name and title

7 DENISE DRIVE 7H
LATHAM, NY 12210
Server's address

Additional information regarding attempted service, etc:

KEVIN CLINTON
NOTARY PUBLIC
NO. 01CL0031206
My Comm. Expires
Nov 20, 2028
Qualified in Kings County
STATE OF NEW YORK

State of New York
County of New York
The foregoing instrument was acknowledged
before me 6 day of May 2025
Kevin Clinton
Your Name Here. Notary Public
My Commission Expires 11-20-28

# Exhibit B

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

_____x

JADENAE TRABACCHI,

               Plaintiff      **DOCKET NO. 24-CV-6123 (RPK) (TAM)**

     -against –

**THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, DAVID
BANKS, Chancellor; and KATHERINE RODI,
Director of Employee Relations,**

            Defendants

_____x

STATE OF NEW YORK)

           SS.:

COUNTY OF NEW YORK

## AFFIDAVIT OF BETSY COMBIER

I, BETSY COMBIER, affirm under the penalties of perjury under the laws of the State of New York that the following is true and may be filed in a court of law:

1. My name is Betsy Combier, and I am the President and lead paralegal/workplace investigator of Advocatz, a consulting business for people who need a partner as they go through the Courts, grievances, or life problems.

2. Since 2004 I have been working on exposing how the "Problem Code" is placed onto the

1

personnel files of NYC DOE employees without just or probable cause, depriving the employee of Constitutional due process.

3. My research into the Problem Code and the secret manipulation and deprivation of rights by the New York City Department of Education has led me to conclude that the process of employees being problem coded has no justification under any law, rule or regulation.

4. The Plaintiff in the case cited above asked for my assistance after New York City Law Department Attorneys Kathleen Linnane (who has since left the Corporation Counsel and now works for Paduano & Weintraub located at 1251 Avenue of the Americas, N.Y., N.Y. 10020) and Attorney Brigid Lynn filed a Motion To Dismiss in the Court on 11/15/24 in which they argued that Defendant Katherine Rodi must be dismissed from the case because she was *never served*. Yet the Docket of the case on PACER.gov (#7) clearly shows the notarized, stamped and filed Summons served on Kathleen Rodi on 9/24/24 at 100 Church Street in Manhattan. This is the correct place to serve Ms. Rodi since at least 2018.

5. Ms. Linnane and Ms. Lynn wrote in their Motion To Dismiss that Ms. Rodi cannot be served at the City Law Department at 100 Church Street. This was a lie, and both Attorneys were well aware of making this up due to their inability to justify Defendant Rodi's actions, namely placing every unvaccinated DOE employee on the Problem Code on October 4, 2021. However, Magistrate Judge Taryn A. Merkl bought the bait in her Report and Recommendation and questioned the service. This Affidavit addresses these actions and supports the Plaintiff's Complaint and service as lawful and correct.

6. The Problem Code is visible to anyone who nominates any DOE employee for a job,

2

who is a payroll secretary or manages salaries for a school or vendor, and anyone else who knows where to look in the codes available in the DOE database. The DOE will fight to say this is not true, because the way that the Problem Code is placed on all employees who get a letter to file (which cannot be grieved) is a violation of the 14th Amendment and its' promise of due process.

7. The DOE has never been able to come up with a good, lawful reason to permanently scar a person's career without a hearing (assuming this person was not convicted in any criminal proceeding). I cannot find one either.

8. I am an Expert Witness on the Problem Code, Education Law §3020-a arbitration, and Section 913 evaluations, and respectfully submit this AFFIDAVIT in support of the Plaintiff's Amended Complaint submitted to the Court holding Jurisdiction over this case in the Eastern District of New York.

9. I know the facts stated herein to be true based upon my personal knowledge and upon my review of the files of hundreds of my clients whom I have represented in proceedings with the New York City Department of Education ("DOE"), except for statements which are made on information and belief and, as to those, I verily believe them.

10. I uncovered what became known as the "Problem Code" when I filed a Freedom of Information request with the DOE for names of employees and reasons for them being listed in the Monitoring Unit database in 2004. I was denied access because all the employees were listed only by their social security numbers, which I was forbidden to see. See my articles on Parentadvocates.org:

3

**The New York City Department of Education's "Problem Code" is an Unlawful Flag On Employee's Fingerprints**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

**In NYC the Absent Teacher Reserve and The Rubber Room Are Both Strategies For Unlawful Denial of Tenure Job Protections (2021)**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8958

and on my website Advocatz.com:

**The New York City Department of Education, UFT, Problem Code, and Perpetual Fog Machine Continue To Prevent Unvaxxed Employees From Working**

https://advocatz.com/2023/02/12/the-new-york-city-department-of-education-problem-code-continues-to-prevent-unvaxxed-employees-from-working/

11. I worked as a union Special Representative under UFT Presidents Randi Weingarten and Michael Mulgrew from 2007-2010 and told members about the problem code as well as whether they were coded or not. The Problem Code of members was easily available to us, and I became the person who was called about it. I answered every call, but left the UFT when it became obvious to me that my help on this issue, as well as others, was not highly regarded by the people at the top level of the UFT.

12. As an Expert witness on the Problem Code, I have made myself available to assist DOE employees as they pursue clearing their name and overturning a wrongful termination.

13. Since February 8, 2022 I have been writing and publishing stories on Advocatz.com about the unlawful termination of unvaccinated municipal workers in New York City, and about the DOE placing unvaccinated employees onto the "Problem Code" database on October 4, 2021 after they dared to challenge the experimental COVID Vaccine Mandate (CVM).

4

14. On April 22, 2022 I received an email from a teacher who was unvaccinated and this email had truly shocking information. The email was sent to her by DOE employee Eric Amato. In his email, Mr. Amato wrote:

> "PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. Our central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.
>
> Thanks,
> Eric"

> See my Declaration: **Betsy Combier declaration** in my articles above and here:
>
> 2022-6-3-doc-168-1-declaration-of-black-in-supp-exhb-1

My Declaration was filed in the cases of Kane v De Blasio et al., (21-CV-7863) and Keil v City of New York et al. (21-CV-8773), on June 3, 2022 (Docket 168-1).

15. Mr. Amato left his employment with the DOE soon after he sent the email.

16. After the Problem Code was exposed, the planned hoax by the DOE and Unions in New York City to fire as many permanent/tenured employees as possible started unraveling. The goal of a mass layoff of permanent or tenured municipal workers and educators fell apart. There was never a just cause for the thousands of people who lost everything, but here is where the following slogans come in handy: "Knowledge is power", and "You can fool some of the people all of the time, and all of the people some of the time, but you cannot fool all of the people all of the time". Most people contribute the second slogan to President Abraham Lincoln.

**UPDATE: Educators Accused of Submitting Fake Vaccination Cards Win Jobs Back and Backpay**

5

https://advocatz.com/2023/02/17/update-educators-accused-of-submitting-fake-vaccination-cards-win-jobs-back-and-backpay/

**NYC is Forcing Unionized Public Employees Into At-Will Terms of Employment**
https://advocatz.com/2024/09/23/nyc-is-forcing-unionized-public-employees-into-at-will-terms-of-employment/

17.    Suddenly, in October 2021, all employees of the DOE in all titles, tenured or untenured, who could not, did not, or would not - for religious or medical reasons - get vaccinated by the COVID vaccine were permanently coded and subsequently labelled as guilty of misconduct and blocked from getting unemployment or any employment as a teacher for the DOE or any vendor without any due process hearing of any kind. The DOE refused to hold any grievance or Education Law §3020-a arbitrations, so the UFT paused any and all filings of grievances in October and November 2021.

18.    All this must be seen as a conspiracy of harm, as the COVID vaccine did not protect anyone from getting the COVID virus or transmitting it to someone else, and both the UFT and the DOE were aware of this information. Both chose to ignore the science, some say to get kickbacks from the drug companies for every vaccine given.

**Former NY Governor Andrew Cuomo And Dr. Jay Varma Admit That No Authority Existed For The COVID Mandate Terminations**
https://advocatz.com/2024/09/20/former-ny-governor-andrew-cuomo-admits-that-no-authority-existed-for-covid-mandate-terminations/

19.    Additionally, the City of New York marketed the COVID Vaccine Mandate ("CVM") as a new term of employment for the municipal workers in New York City, but this was always false for non-healthcare employees. No union changed the terms in their contract to make the vaccine mandatory.

6

20. In June 2022 while I was representing a teacher in a PERB Case (Public Employment Relations Board), Administrative Law Judge (ALJ) Mary Thomas Scott informed me that the 10-year litigation on the Problem Code had reached an end, and did I want the final decision? Bless her. I said yes. The PERB Problem Code case was filed by the UFT against the DOE to force the DOE to make a Problem Code on a member's file more transparent by answering such questions as: when was this Code placed on the member's file? Why? The ALJ found that the "flagging" impacted terms and conditions of employment, and that the District had violated the Act by instituting the flagging system. Thus the DOE lost the case, but has never complied with the Judgment.

21. The person who has been avoiding scrutiny yet has permanently scarred DOE employees without due process is the DOE Executive Director of Employee Relations, Ms. Katherine Rodi. She has been in that position since 2012. (Testimony. Nov. 5, 2015, PERB). Rodi also has the responsibility of overseeing the NYCDOE's Office of Safety and Health, and the Office of Personnel Investigation ("OPI") where she decides who among the NYCDOE's employees are placed on a "Problem Code". She monitors the disciplinary information in the personnel file that is highlighted by the Problem Code for principals who may want to hire a former or current employee.

22. In her testimony given under oath at PERB in November 2015 Ms. Rodi testified that "no Respondent ever sees their flag/problem code", and if a principal or some other potential employer wanted to hire someone who was coded, they could hire the person. None of these statements are true.

23. While working at the UFT, when I received a call from a DOE employee/UFT member

7

asking if he/she was on the Problem Code, I told them "one minute, I will let you know". I walked quickly the 5 steps into the office next door, and would ask Amy Arundell, another Special Representative, whether or not the caller was coded by file number. Ms. Arundell looked at her computer and told me yes or no. I gave this information to the person on the phone. This was 2008-2009. So, when Amy Arundell testified in November 2015 at PERB that she had never heard of the Problem Code until 2012, in order to get the UFT's PERB Improper Practice Charge case heard under the statute of limitations of 4 months, she was not telling the truth either, just like Ms. Rodi.

24. The DOE has continuously tried to keep the Problem Code hidden because there is no law, rule or regulation that can legally support the manner in which the Code serves to directly harm an employee by getting the employee terminated and unable to work ever again as an educator in New York City.

25. It is a well-known fact that Ms. Rodi has been sued many times in this Court, and service was and is accepted at 100 Church Street, New York City: Plaintiff Jadenae Trabacchi served Katherine Rodi on 9/24/24 at 100 Church Street (Docket #7); EDNY Pro se Plaintiff Mushtaq Ahmad (18-CV-3494(WFK)(LB) used the United States Marshals Service to serve Ms. Rodi. The Marshal was turned away from 65 Court Street, and told to serve Ms. Rodi at 100 Church Street, NY NY 10007, where Betty Mazyck accepted service.(Docket # 22 Filed 09/24/18); Petitioner Miles Grossman (NYS Supreme Court No. 155034/2023) served Katherine Rodi at 100 Church Street, accepted by Ariton Marke, Deputy Unit Chief; Parrino v NYC DOE (24-CV-08892 served Rodi 2/25/25); Rothschild v NYCDOE et al., (25-CV-01684), served Rodi October 7, 2025; Trudo v

8

NYC DOE et al.,(25-CV-01345) served Rodi 5/6/2025; Matyas v NYC DOE et al., (25-CV-01861) served Rodi on 5/6/2025. None of these cases had a problem with service at 100 Church Street, Manhattan.

26.    The reason why the lie of Attorneys Linnane and Lynn that Ms. Rodi was never served (but Docket #7 says that she was served on 9/24/24) in this case was so absurd comes from the failure of another lie made by the NYC Law Department in 2024. Around the same time that this case was filed, another pro se case with Katherine Rodi as a Defendant was also served on the City Law Department at 100 Church Street. When the professional process server presented the Complaints at the service window, he was told that Ms. Rodi could not be served because she *"no longer worked at the Department of Education"*. The Plaintiff called me and told me that the process server was turned away, what could she do? I immediately contacted "my old friend" from 2004, Dr. Peter Ianniello, who is Executive Director of Human Resources for the DOE. He replied in 5 minutes that this information was false, and that Kathy Rodi continues to work for the DOE. I then called the Unit Chief in charge of Operations at the City Law Department, and I told him what happened. He told me, "Well, we do not accept service for every employee at the DOE…." I told him that Ms. Rodi was a VIP, in charge of Employee Relations and OPI. The Unit Director said, "Oh, Betsy, I get it! I will immediately write a Notice to all who work at the service window that any and all lawsuits filed with Katherine Rodi in the caption must be accepted by us. Please tell the service provider who was turned away to come back!" I did just that, and on Dec.19, 2024 Rodi was successfully served in that case. I thought this was the end to the lies of the Corporation

9

Counsel. I was wrong. On November 15, 2024, the New York City Law Department Attorneys in the matter cited in the caption above, Ms. Kathleen M. Linnane and Brigid Lynn, wrote into their Motion To Dismiss that Katherine Rodi was never served, and thus the Court had no jurisdiction over her and she must be dismissed from the case. In my opinion, lying in a federal court motion is extremely serious business.

27.   Plaintiff and I had a great solution. When Ms. Lynn sent Plaintiff a request for an extension of time to oppose the Amended Complaint, Plaintiff wrote back that she would grant any amount of time, as long as Ms. Lynn withdrew her claim that Rodi was never served, and that this was a mistake. Lynn refused, saying "I am not in a position to agree that service on Katherine Rodi at 100 Church Street was proper service" (Oct. 28, 2025).

28.   That same day, Attorney Lynn wrote to the Magistrate Judge Merkl:

"I write to respectfully request an extension of time to December 4, 2025, for the DOE to respond to the amended complaint. This is the DOE's first request for an extension of time to respond to the amended complaint and the requested extension does not affect any scheduled dates. Although not entirely clear, it appears that pro se Plaintiff is only willing to consent to an extension if Defendant agrees that individual defendant Katherine Rodi was properly served at 100 Church Street and informs the Court that it was mistaken in claiming otherwise in its Motion to Dismiss the Complaint. Defendant, however, does not agree that service on Rodi was proper. Thus, it appears that Plaintiff opposes the requested extension.
….. Plaintiff is required to file proof of service on individual defendants Rodi and Melissa Aviles-Ramos…."

29.   In sum, Plaintiff has plausibly pleaded that she was potentially subjected to an unconstitutional government action resulting in an injury for which she has yet to receive recompense. Due to the inability to defend the actions of DOE Defendant Katherine Rodi in placing Plaintiff Trabacchi on the stigmatizing Problem Code on or about October 4, 2021, Corporation Counsel Attorneys Linnane and Lynn deliberately filed false

10

information about an alleged "lack of/improper service" on Katherine Rodi while a filed and notarized Summons served on Ms. Rodi at 100 Church Street on 9/24/24 is clearly seen on the Docket at #7.

I swear on this 18th day of November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Elizabeth Combier ("Betsy")

Notary Public

State of _New York_ County of _New York_
Subscribed and sworn to (or affirmed) before me
on this _18_ day of _Nov_ ,20 _25_
by _Elizabeth Irene Combier_ ,
proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.

_____
Notary Public Signature

Nicholas Cruz
Notary Public, State of New York
Reg. No. 01CR0031988
Qualified in Bronx County
Commission Expires December 16, 2028

11

# Exhibit C

Case 1:25-cv-01861-OEM-MMH   Document 26-1   Filed 06/11/26   Page 16 of 17 PageID #: 681



**Department of Education**
Chancellor David C. Banks

April 7, 2022



OLR 221296
UFT Q74479

We are writing in response to the grievance filed by the United Federation of Teachers. You were terminated from employment with the Department of Education (DOE) based on your failure to comply with the New York City Health Commissioner's Order ("Order") requiring vaccination of all DOE staff and pursuant to the Impact Arbitration Award between the DOE and UFT dated September 10, 2021 ("Arbitration Award"). Compliance with the Order is a condition of employment. The Department routinely separates from service employees who have failed to comply with a condition of employment and does not provide contractual due process in this context. Here, your termination is not based on an act of misconduct but, rather, failure to comply with a condition of employment, thus, rendering you ineligible for employment with the DOE.

Therefore, your grievance is not covered by the DOE-UFT grievance and arbitration process, and as such, the DOE will not be scheduling a grievance conference. If you have any questions please contact your union representative.

New York City Department of Education
Office of Labor Relations