25-CV-1861(OEM)(MMH)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNABELLE MATYAS, DAISY BADILLO, AND DAHLIA MENDOZA,

Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, CHANCELLOR; AND KATHERINE RODI, DIRECTOR OF EMPLOYEE RELATIONS,

Defendants.

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMENDED THE COMPLAINT

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
Attorney for Defendants the New York City Department of Education, Melissa Aviles-Ramos, and Katherine Rodi
100 Church Street, Room 2-143
New York, New York 10007-2601

*Of Counsel*: Shinequa Charles
Tel.: (212) 356-2458

Matter No.: *2025-033231*

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ........................................ 4

ARGUMENT ........................................ 13

POINT I ........................................ 13

ALL CLAIMS AGAINST RODI SHOULD REMAIN BE DISMISSED AND SHOULD BE DISMISSED WITH PREJUDICE ........................................ 13

POINT II ........................................ 15

MOST OF PLAINTIFFS' CLAIMS STILL REMAIN UNTIMELY AND SHOULD BE DISMISSED WITH PREJUDICE ........................................ 15

A. EXHAUSTED ADMINISTRATIVE REMEDIES ........................................ 15

B. STATUTE OF LIMITATION ........................................ 15

C. RELIGIOUS DISCRIMINATION ........................................ **Error! Bookmark not defined.**

D. RETALIATION AND TAKING CLAUSE CLAIMS ........................................ 16

E. EQUAL PROTECTION CLAUSE CLAIMS ........................................ 17

POINT III ........................................ 17

PLAINTIFF MATYAS'S AND MENDOZA'S CONTINUE TO FAIL TO STATE A PLAUSIBLE FIRST AMENDMENT RETALIATION CLAIMS AND FOURTEENTH AMENDMENT TAKINGS CLAUSE ........................................ 17

A. ACCOMMODATION PROCESS CHALLENGE **Error! Bookmark not defined.**

B. FREE EXERCISE CLAUSE CLAIM ........................................ **Error! Bookmark not defined.**

C. ESTABLISHMENT CLAUSE CLAIM ........................................ **Error! Bookmark not defined.**

POINT IV ........................................ 20

PLAINTIFFS FAILS TO PLAUSIBLY PLEAD DUE PROCESS CLAIM PURSUANT TO THE FOURTEENTH AMENDMENT ........................................ 20

CONCLUSION ........................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Billeris v. Inc. Vill. of Bayville*,
694 F. Supp. 3d 214 (E.D.N.Y. 2023) ....................................14

*Ferraro v Ramapo Cent. Sch. Dist.*,
17 CV 2039 (VB), 2017 U.S. Dist. LEXIS 203361 (S.D.N.Y. Dec. 11, 2017)....................15

*Hurley v Dept. of Educ. of the City of NY*,
No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282 (E.D.N.Y
Sep. 23, 2025) ....................................17

*Klinkowitz v. Jam. Hosp. Med. Ctr.*,
No. 20 Civ. 4440 (EK), 2022 U.S. Dist. LEXIS 49594 (E.D.N.Y. Mar. 17,
2022) ....................................12

*Kornmann v. City of New York Bus. Integrity Comm'n*,
467 F. Supp. 3d 54 (E.D.N.Y. 2020) ....................................14

*Montgomery v NY Presbyt. Hosp.*,
No. 23-CV-9201 (PAE) (OTW), 2024 U.S. Dist. LEXIS 144125 (S.D.N.Y.
Aug. 13, 2024) ....................................13

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002)....................................14

*New Yorkers for Religious Liberty, Inc. v City of NY*,
125 F.4th 319 (2d Cir 2024) ....................................17

*Trabacchi v Dept. of Educ.*,
No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 148512 (E.D.N.Y.
July 31, 2025)....................................12

*Van Allen v. N.Y.C. Sch. Constr. Auth.*,
17-CV-2176 (NGG) (VMS), 2018 WL 4783966 (E.D.N.Y. Sep. 30, 2018)....................14

**Statutes**

Americans with Disabilities Act ....................................4, 9, 13

Education Law § 3813 ....................................15

Education Law §§ 3020 and 3020-a ....................................11

State Executive Law § 296 ....................................3,4, 11

New York City Administrative Code § 8-107 ............................................................................3, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ANNABELLE MATYAS, DAISY BADILLO, AND DAHLIA MENDOZA ,

Plaintiffs,

No. 25-CV-1861(OEM)(MMH)

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS, CHANCELLOR; AND KATHERINE RODI, DIRECTOR OF EMPLOYEE RELATIONS,

Defendants.
---------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DENY THE PROPOSED AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

On May 1, 2026, the Honorable Orelia E. Merchant issued a Memorandum and Order (ECF No. 23) (the "Decision"), granting Defendants' motion to dismiss and dismissing Plaintiffs' Complaint in its entirety. Plaintiffs Annabelle Matyas ("Matyas"), Daisy Badillo ("Badillo"), and Dahlia Mendoza ("Mendoza") (collectively, "Plaintiffs"), who are former teachers for Defendant the New York City Department of Education ("DOE"), whose requests for religious exemptions were denied, were terminated for failing to comply with the Covid-19 Vaccine Mandate. Specifically, the Court's Decision dismissed: (1) Plaintiffs' claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), to the extent Plaintiffs asserted such claims, for failure to exhaust their administrative remedies (see Decision at 9-10); (2) Plaintiffs' claims for religious discrimination in violation of the First Amendment and the Fourteenth Amendment because they are time-barred; (3) Plaintiffs' claims

for retaliation in violation of the Equal Protection Clause and Badillo's claims for retaliation as time-barred; (4) Matyas and Mendoza's claims for retaliation in violation of the First Amendment and Fourteenth Amendment Due Process Clause and for violation of the Fourteenth Amendment Takings Clause for failure to state a claim; and (5) Plaintiffs' claims seeking the individual liability of Defendant Katherine Rodi ("Rodi") for failure to state a claim. *See* Decision at 27. Although the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law and city-law claims, the Court dismissed the Complaint in its entirety by dismissing all of Plaintiffs' federal claims. *Id*.

Although, given their *pro se* status, Plaintiffs were permitted leave to file a motion to amend the Complaint, the Court's Decision "cautioned [Plaintiffs] that they must plead sufficient facts to allege a violation of federal rights or statutes and identify the specific acts by specific defendants that violated their own individual rights." *Id*. Indeed, the Court found that "[i]t is likely that amendment of Plaintiffs' Complaint would be futile. For instance, Plaintiffs fail to plausibly allege constitutional violations, either because their discrimination claims are time-barred or because their retaliation claims do not assert valid constitutional violations." *Id*. at 26.

On June 12, 2026, Plaintiffs sought leave of Court to file a Proposed Amended Complaint ("PAC") (ECF No. 27-1) (the "Motion" or "Motion to Amend"). But Plaintiffs' PAC is nearly identical to the original Complaint, and the few additional conclusory allegations in the PAC fail to cure the deficiencies set forth in the Court's Decision.

Defendants DOE, former DOE Chancellor Melissa Aviles-Ramos and Katherine Rodi hereby submit this memorandum of law in opposition to Plaintiffs' Motion to Amend. For

the reasons set forth herein, the Court should deny Plaintiffs' Motion as amendment here would be futile, and dismiss the Complaint in its entirety with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs bring this action, asserting federal claims under § 1983[1] for religious discrimination and retaliation based on religion under the First Amendment's Free Exercise and Establishment Clauses, as well as the Fourteenth Amendment's Equal Protection and Due Process Clauses, and a claim for violation of the Fourteenth Amendment Takings Clauses. Plaintiffs also bring state-law and city-law claims for fraudulent inducement, religious discrimination, and retaliation based on religion, under the New York Education Law, Sections 3020 and 3020-a, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the New York City Administrative Code § 8-107(3)(A), and the New York Constitution. *See* Decision at 7; Complaint (ECF No. 1); PAC.

### A. The Allegations in the PAC

Plaintiffs were informed on October 2, 2021, that they would be placed on leave without pay, effective October 4, 2021, because they had not complied with the DOE Covid- 19 Vaccine mandate. *See* PAC; Email: Notice of Leave Without Pay, annexed to the PAC as Exhibit 4. On April 4, 2025, Plaintiffs' filed their Complaint in the instant action. *See* ECF No. 1.

#### 1. Plaintiff Matyas

Plaintiff Matyas began working for DOE in 2001 as a biology teacher and obtained tenure in 2005. *See* PAC ¶¶ 61, 62. Plaintiff Matyas requested a religious exemption on September

[1] Plaintiff's federal claims brought under 42 U.S.C. § 1988 and 18 U.S. Code § 242 were dismissed by the Court, as "Plaintiffs cannot seek relief under either statute." Decision at n.6.

20, 2021, however, her accommodation was denied "the next day" because she "'did not meet the criteria.'" *See* PAC ¶ 65. Plaintiff Matyas filed an appeal on December 3, 2021 to the Citywide Panel, which was denied as well on March 28, 2022. *Id.* ¶ 66. On April 11, 2022, Plaintiff Matyas was informed that she had been terminated effective April 7, 2022. *Id.* at ¶ 67. In June 2023, sometime after the Covid Vaccine Mandate "ended", Plaintiff applied for a job with the DOE. *Id.* at ¶ 68. Plaintiff Matyas was not restored to a tenured position. *Id.*

2. Plaintiff Mendoza

Plaintiff Mendoza began working for DOE in 1991. *Id.* at ¶ 70. Plaintiff Mendoza requested a religious exemption on September 20, 2021, however, her accommodation request was denied on September 22, 2021. *Id.* at ¶¶ 73, 74. On September 23, 2021, Plaintiff Mendoza appealed to Scheinman Arbitration and Mediation Services ("SAMS"). *Id.* at ¶ 75. On October 5, 2021, her appeal "was heard" during a 15-minute session before an arbitrator but was denied. *Id.* On November 30, 2021, Plaintiff again appealed the denial of her request to the Citywide Panel. *Id.* at ¶ 79. On January 7, 2022, Plaintiff received a list of questions from the Citywide Panel, which she answered. *Id.* On March 28, 2022, the Citywide Panel upheld the denial of Plaintiff Mendoza's request for a religious accommodation on the basis of undue burden. *Id.* On April 11, 2022, Plaintiff Mendoza was informed that she was terminated effective April 7, 2022. *Id.* at ¶ 81. Plaintiff Mendoza claims that on February 14, 2023, she "went on her Payroll portal and saw that she was on the Problem Code 'PR'" and was "blocked from ever working for the Defendants." *Id.* at ¶ 84.

3. Plaintiff Badillo

Plaintiff Badillo started working for DOE in 1996. *Id.* at ¶ 86. On September 17, 2021, Plaintiff Badillo requested a religious exemption to the Vaccine Mandate, however, on September 19, 2021 her accommodation request was denied. *Id.* at ¶¶ 88. Plaintiff Badillo appealed that decision on September 19, 2021 to SAMS, but her appeal was denied by an arbitrator. *Id.* at ¶ 89. Plaintiff Badillo subsequently appealed to the Citywide Panel, which denied her appeal on February 15, 2022. *Id. at* ¶ 92. Plaintiff Badillo claims that on March 17, 2022 she was terminated, but she also alleges that on July 3, 2022 she retired. *Id.* at ¶ 94. Plaintiff Badillo alleges Defendants "would not recognize her retirement, only her termination with a problem code." *Id.*

4. Additional Allegations in the PAC

Although Plaintiffs' PAC is nearly identical and remains largely unchanged from the original complaint, Plaintiffs make the following additional allegations, most of which consist of threadbare legal conclusions, and all of which are insufficient to cure the defects in the Complaint:

- Plaintiffs allege that Defendants "have a long-standing animosity to public employment and the Unions that represent them" and that "New York State is one of five states in America that do not honor religious exemptions." PAC ¶¶ 7, 8.
- Plaintiffs allege that "despite giving religious accommodations (RA) to allegedly hundreds of other tenured employees similarly situated – some reported 165 DOE employees were given accommodations, other reports claimed 148, or 176, out of 3300 appeals from educators - and despite

offering those approved both remote work and reassignment locations and at home on full salary, Defendants, acting at all times under color of law, offered no accommodations whatsoever to Plaintiffs in this case and terminated them without justification and without a fair hearing." *See* PAC ¶ 15.

- Plaintiffs reference a second deposition of Rodi held on March 25, 2025, in which, in sum, Plaintiffs allege she testified that DOE's accommodation process was not an individualized review, but instead an alleged blanket policy, under which religious accommodation requests were administratively screened and then allegedly uniformly denied to facilitate replacing unvaccinated employees. *See* PAC ¶ 26.
- Plaintiffs allege that Defendants "doubled down on trashing all who dared to challenge their removal from employment" due to not receiving the Covid-19 vaccine. PAC ¶ 38.
- Plaintiffs allege that they lost their careers, health insurance, union membership, and salary based on "Defendants animus towards them for standing firm on their religious beliefs that forbade them from being vaccinated against COVID." *Id.*
- Plaintiffs allege that "[r]ecently discovered evidence shows that administrators of various agencies within the City of New York…joined together…to create a strategy wherein anyone who requested a religious exemption/accommodation was denied." *Id.*at 51.

**B. The Court's Decision Granting Defendants' Motion to Dismiss in its Entirety**

On September 8, 2025, Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety with prejudice. *See* ECF No 12. On October 29, 2025, Plaintiffs filed their opposition to Defendants' motion to dismiss. *See* ECF No. 18. Thereafter, Defendants filed their reply on August December 12, 2025. *See* ECF No. 16.

The Court's Decision dismissed the Complaint in its entirety. As an initial matter, the Court's Decision found that service on Katherine Rodi was improper because she was served at the New York City Law Department, rather than her actual place of business or residence. *See* Decision pp. 8-9. Although the Court exercised its discretion and allowed Plaintiffs to file a motion to amend the Complaint and properly serve Rodi, *id.*, the Court further held that Plaintiffs failed to allege her personal involvement. *Id.* at pp. 24-25. Plaintiffs do not allege that Rodi flagged their personnel files or blocked them from getting a job at another public school, but only generally allege Rodi's job responsibilities. *Id.* The Court also held that "even if Plaintiffs did plausibly allege that Rodi was personally involved in the challenged conduct, they have not alleged that she deprived them of a constitutional right because their constitutional claims are either time-barred or insufficiently plead." *Id.*

Further, the Court held that Plaintiffs failed to adequately allege that they exhausted their administrative remedies under Title VII and the ADA. Plaintiffs do not allege any fact to show that they timely filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") or received any right-to-sue letters from EEOC. *Id.* at pp. 9-10. Therefore, to the extent that Plaintiffs asserted any Title VII or ADA Claims, the Court dismissed those claims for failure to exhaust. *Id.*

The Court also dismissed Plaintiffs' § 1983 claims for religious discrimination and failure to accommodate under the First Amendment as time barred. *Id.* pp. 11- 12. The Court held that these First Amendment claims accrued when Plaintiffs' requests for religious accommodations were denied. *Id.* pp. 11- 12. Plaintiff Badillo's failure-to-accommodate claim accrued on February 15, 2022, and Plaintiffs Matyas and Mendoza's failure to accommodate claims accrued on March 28, 2022. *Id.* pp. 11. Because Plaintiffs filed suit on April 4, 2025, after the three-year statute of limitations had expired, those claims were time barred and dismissed.

Next, the Court held that the retaliation and Takings Clause claims under the First and Fourteenth Amendments accrued on the date each of the Plaintiffs were terminated. *Id.* pp. 12-13. Therefore, while Plaintiffs Matyas's and Mendoza's claims were timely, Plaintiff Badillo's claim were untimely. *Id.*

The Court also held that the Equal Protection claims accrued when the Vaccine Mandate became enforceable, or at the very latest when Plaintiffs were denied Section 3020-a hearings. *Id.* pp. 13-14. Nevertheless, the Court found that under either accrual date, Plaintiffs claims were still untimely. *Id.* pp. 13-14. Also, the Court noted that Plaintiffs failed to plausibly allege they were treated differently from similarly situated individuals. *Id.* p. 13.

In dismissing Matyas' and Mendoza's First Amendment claims on the merits, the Court rejected Plaintiffs' argument that they were subjected to the prior accommodation process, which the Second Circuit held likely was unconstitutional as applied to the plaintiffs in *Kane v. De Blasio*, 19 F.4th 152, 167-70 (2d Cir. 2021) ("*Kane I*"). *Id.* pp. 14-16. The Court found that the Complaint established that each Plaintiffs' request was reviewed by the Citywide Panel, which was not the prior process found in *Kane I*. *Id.* p. 15. The Court further held that the Vaccine Mandate

has already been determined by the Second Circuit to be neutral and generally applicable, and therefore does not violate the Free Exercise Clause. *Id.* pp. 15-16. Furthermore, because the Plaintiffs only supported their allegation that the City's undue hardship findings were pretextual with conclusory statements, they failed to plausibly allege an as-applied challenge. *Id.* Also, The Court held that Plaintiffs alleged no facts showing the Vaccine Mandate advanced or inhibited religion, favored one religion over another, or was motivated by religious animus. *Id.* pp. 18-19. As a result, the Establishment Clause claim was dismissed. *Id.*

In dismissing Matyas' and Mendoza's Fourteenth Amendment Due Process and Taking Clause claims on the merits, the Court held that Plaintiffs failed to state a "stigma plus" claim because they did not allege that the "problem code" on their file was publicly disclosed. *Id.* pp. 20-21. Additionally, the Court found that they received adequate notice of the deprivation process, as they were notified of the Vaccine Mandate and given opportunities to seek exemptions and appeals. *Id.* Therefore, Plaintiffs' claim for violation of the Due Process Clause under the Fourteenth Amendment was dismissed. Furthermore, the Court held that Plaintiffs failed to state a Takings Clause claim because the Vaccine Mandate was enacted to promote the public good and did not constitute a compensable regulatory taking. *Id.* pp. 22-23. The Court held that Plaintiffs' decision not to comply with the mandate and the resulting loss of employment did not transform the mandate into an unconstitutional taking. *Id.*

Although the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state and city law claims, including claims under the SHRL, CHRL, Education Law §§ 3020 and 3020-a, and the New York Constitution, the Court dismissed the Complaint in its entirety by dismissing all of Plaintiffs' federal claims. *Id.* p.25.

## ARGUMENT

A motion seeking leave to amend the complaint should be denied where there exists undue delay, bad faith, futility, undue prejudice to the non-moving party, or repeated failure to cure deficiencies by previous amendments. *See Klinkowitz v. Jam. Hosp. Med. Ctr.*, No. 20 Civ. 4440 (EK)(SJB), 2022 U.S. Dist. LEXIS 49594, *10 (E.D.N.Y. Mar. 17, 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs' Proposed Amended Complaint utterly fails to remedy the failures of the operative Complaint and is thus futile. In Plaintiffs' PAC, which is nearly identical to the original Complaint, the few additional allegations Plaintiffs make consist almost entirely of bald legal conclusions and fail to cure the deficiencies set forth in the Court's Decision. As such, the PAC should be dismissed as futile, and the case should be dismissed in its entirety with prejudice.

### POINT I

### PLAINTIFFS STILL HAVE FAILED TO PROPERLY SERVE KATHERINE RODI, AND THEIR PROPOSED CLAIMS AGAINST HER ARE FUTILE FOR LACK OF PERSONAL INVOLVEMENT

#### A. Improper Service

As an initial matter, the claims against Katherine Rodi should remain dismissed due to lack of personal jurisdiction and for failure to serve her under Fed. R. Civ. P. 4(m), as Plaintiffs have submitted no proof of having served Rodi at her actual place of business, dwelling place or usual place of abode. *See Trabacchi v Dept. of Educ.*, No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 148512, at *17 (E.D.N.Y. July 31, 2025). The Court noted in its Decision that Plaintiffs served Rodi at 100 Church Street, New York, NY, which is not her proper service address

at 65 Court Street, Brooklyn, NY. In granting Plaintiffs leave to file a motion to amend the Complaint, this Court exercised its discretion to allow Plaintiffs to properly serve the amended complaint on Kathrine Rodi. *See* Decision p 9. But Plaintiffs have presented no proof of having served Rodi at her proper "place of business, dwelling place or usual place of abode." Thus, this Court should dismiss the claims again against Katherine Rodi for lack of personal jurisdiction and for failure to serve her as required under Fed. R. Civ. P. 4(m).

**B. No personal labiality**

In an attempt to establish Rodi's personal involvement, Plaintiffs allege in a conclusory manner that "Defendant Rodi had direct influence on the Plaintiffs' suspension and termination by giving all three a 'Problem Code.'" PAC ¶ 25. Plaintiffs further allege in a conclusory manner that "Katherine Rodi is the person in charge at the DOE of designating who gets the code on their fingerprints and personnel file." PAC at 5, 25. These bald legal conclusions, however, without more, do not cure the deficiencies in the original Complaint. As the Court previously held, Plaintiffs fail to allege any facts demonstrating that Rodi was personally involved in the alleged constitutional violations. Rather, Plaintiffs merely allege Rodi's job responsibilities in a conclusory manner, without alleging specific facts as to personal participation in depriving Plaintiffs of any constitutional rights. Because Plaintiffs have failed to plausibly allege that Rodi deprived them of any constitutional right, and because Plaintiffs' constitutional claims are either time-barred or insufficiently pleaded, the claims against Rodi are futile, and the Court should dismiss them with prejudice.

## POINT II

## MOST OF PLAINTIFFS' PROPOSED CLAIMS ARE FUTILE FOR FAILURE TO EXHAUST OR AS TIME-BARRED

### A. Plaintiffs Failed to Exhaust Their Administrative Remedies

To the extent that Plaintiffs' PAC asserts claims under Title VII of the ADA, such claims are futile for failure to exhaust. None of the Plaintiffs allege that they filed EEOC charges or received right-to-sue letters with respect to any Title VII or ADA claims. *See generally* PAC. Instead, Plaintiffs simply state that they have "completed [their] administrative remedies by filing a request for a religious exemption and a 3020-a hearing." *See* PAC ¶¶ 20, 21, 22. Just as the Court held that Plaintiffs' prior conclusory assertion that they had "exhausted their administrative remedies available to them" insufficient to establish exhaustion, the Court should likewise find that Plaintiffs' allegation that they "completed [their] administrative remedies by filing a request for a religious exemption and a 3020-a hearing" fails to plausibly allege that they exhausted their administrative remedies. *See* Decision p 10.

### B. Plaintiffs' Religious Discrimination Claims are Barred by the Statute of Limitations

Plaintiffs again fail to plausibly state a timely claim for failure to accommodate, religious discrimination, and retaliation under §1983 for alleged violations of the First and Fourteenth Amendments. In an attempt to save their claim, Plaintiffs contend that their accrual time began when they became *aware* of the "problem code" placed on their files. *See* PAC ¶ 31. However, this is of no saving grace. Regardless of when Plaintiffs allegedly discovered that a problem code was placed on their file, as the Court held in its Decision, the three-year statute of limitations under §1983 on Plaintiff's claims for religious discrimination for failure to accommodate began to accrue when the discrete act of Plaintiffs' accommodation requests were

denied. *See Kornmann v. City of New York Bus. Integrity Comm'n*, 467 F. Supp. 3d 54, 61 (E.D.N.Y. 2020) (citing *Gomez v. N.Y.C. Police Dep't,* 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)); Decision ("a failure to accommodate is a discrete act that does not give rise to a continuing violation and accrues when the accommodation is denied")

Given that Plaintiff Badillo's religious discrimination claims accrued on February 15, 2022 and Plaintiffs Matyas and Mendoza's religious discrimination claims accrued on March 28, 2022, when their accommodation requests were denied, respectively, and given that this action was filed on April 4, 2025, more than three years later, their claims were time barred. *See* Decision pp 11-12. Plaintiffs cannot present any arguments that their religious discrimination claims arising under the First and Fourteenth Amendment were in fact timely and therefore Plaintiffs' PAC should be dismissed as futile.

**C. Plaintiff Badillo's Retaliation and Taking Clause Claims Are Time barred**

A retaliation claim begins to accrue when the retaliatory act occurred. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); *Van Allen v. N.Y.C. Sch. Constr. Auth.*, 17-CV-2176 (NGG) (VMS), 2018 WL 4783966, at *4-5 (E.D.N.Y. Sep. 30, 2018). Here, Plaintiffs allege that they were retaliated against when they were terminated for not taking the COVID Vaccine after requesting a religious accommodation request. *See* PAC ¶¶ 67, 81, 94. Thus, given that Plaintiff Badillo was terminated on March 17, 2022, her retaliation and Takings Clause claims are time-barred and thus futile. *See* Decision pp 12-13. Although Plaintiffs Matyas and Mendoza's were terminated on April 11, 2022, making their retaliation and Takings Clause claims timely, their claims are futile on the merits for the reasons set forth below. *See* Decision pp 11-12.

**D. Plaintiffs' Equal Protection Clause Claims Are Time-Barred**

Plaintiffs' Fourteenth Amendment Equal Protection Clause claims remain untimely, and therefore their Proposed Amended Complaint should be dismissed as futile. Plaintiffs' Equal Protection Clause claims arise out of Defendants' alleged failure to provide them with a Section 3020-a hearing and by making the Vaccine Mandate a condition of employment. *See* Decision at 13. Thus, their Equal Protection Clause claim accrued as early as December 1, 2021, when the Vaccine Mandate became enforceable and are thus time-barred. *Id*. Even if Plaintiffs contend that their claims accrued when Plaintiffs' requests for a Section 3020-a hearing were denied on February 15, 2022, and March 28, 2022, their Equal Protection claims remain time-barred. *Id*. And "[n]otwithstanding the fact that their Equal Protection claims are time-barred, Plaintiffs fail to allege that they were treated differently from others similarly situated beyond a conclusory allegation…and thus fail to adequately plead an Equal Protection claim." *Id*. at n.13

**POINT III**

**PLAINTIFFS MATYAS'S AND MENDOZA'S FIRST AMENDMENT RETALIATION AND FOURTEENTH AMENDMENT TAKINGS CLAUSE CLAIMS ARE FUTILE**[2]

**A. First Amendment Retaliation and As-Applied Establishment Clause Claims**

In dismissing Plaintiffs Matyas and Mendoza's (hereinafter referred to as "Plaintiffs") First Amendment retaliation claims, the Court found that the process used in reviewing Plaintiffs' accommodation requests did not violate the Establishment Clause or the Free Exercise Clause. *See* Decision pp 16-19. In their PAC and Motion to Amend, Plaintiffs make only

[2] The Court's Decision correctly held that Plaintiff Badillo's First Amendment retaliation claims and Fourteenth Amendment Takings Clause claims are time-barred and dismissed. *See* Decision at pp. 13-14.

the mere conclusory allegation that their First Amendment rights were denied *as-applied* to them in evaluating their religious accommodation requests. *See* PAC ¶ 4. Plaintiffs also attempt to cure the deficiencies in their Complaint by relying on an affirmation by the United Federation of Teachers' General Counsel Beth Norton, dated February 8, 2022. *See* PAC ¶ 56. Plaintiffs allege that it is set forth in Norton's Affirmation that DOE post-*Kane I* allegedly was not permitting employees to appeal determinations. *Id.* But Plaintiffs again acknowledge that they, themselves, were afforded the opportunity to submit their appeal for review to the Citywide Panel after the *Kane I* decision. *See* PAC, ¶ 66, 79, 92. Plaintiffs also fail to allege any facts demonstrating that they were subjected to the process found to be unconstitutional in *Kane I*. *See* PAC, p 66. Accordingly, the Court's Decision properly held that the "Court sees no basis to apply the 'exceedingly narrow' determination by the Second Circuit in *Kane I* to Plaintiffs' claims here." Decision at 16.

As to Plaintiff's as-applied Free Exercise claims, Plaintiffs are simply relying on the same allegations already presented and ruled on by the Court. As the Court previously held, Plaintiffs' mere conclusory allegation that Defendants DOE improperly denied their requests because it would create an undue hardship is not enough to overcome a motion to dismiss. *Id*. at 18-19. Indeed, courts have found that plaintiffs cannot make out a constitutional claim for discrimination "without first making a more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual." *New Yorkers for Religious Liberty, Inc. v City of NY*, 125 F.4th 319, 333 (2d Cir 2024). Here, Plaintiffs' PAC offers only conclusory assertions that their accommodation requests were denied based on a pretextual finding of undue hardship. *See* PAC ¶¶ 39, 55, 101. Specifically, Plaintiffs allege only that "Defendants' invocation of 'undue hardship'

defenses are plainly false pretexts attempting to cover for Defendants' explicit religious discrimination." This bare assertion, however, is insufficient to plausibly allege that the DOE and the Citywide Panel's undue hardship determination was erroneous or pretextual.

Plaintiffs also allege that Defendants denied their accommodation requests by merely stating "undue burden" without any explanation. *See* PAC ¶ 39. The record, however, demonstrates otherwise. Each Plaintiff was expressly advised that: "The decision classification for your appeal is as follows: DOE has demonstrated that it would be an undue hardship to grant this accommodation to appellant given the need for a safe environment for in-person learning." *See* PAC, Exs. 10b, 18, 29. Moreover, courts have repeatedly upheld identical determinations by the Citywide Panel. In *Hurley v. Department of Education of the City of New York*, the court dismissed an as-applied Free Exercise Clause challenge where the Citywide Panel denied a religious accommodation request based on undue hardship, finding that unvaccinated classroom teachers could not safely work in person during a period of substantial community spread. *See Hurley v. Dep't of Educ. of the City of N.Y.*, No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282, at *32 (E.D.N.Y. Sept. 23, 2025). Because Plaintiffs have alleged no new facts demonstrating that the Citywide Panel's undue hardship determinations were erroneous or pretextual, they have failed to remedy the deficiencies identified in the Court's Decision.

In Plaintiffs' PAC, Plaintiffs also make a single conclusory allegation that similarly-situated employees were given accommodations. *See* PAC ¶ 15. This conclusory allegation, however, without more, fails to establish that Plaintiffs were denied an accommodation due to any religious discrimination or favorable treatment of one religion over another. Plaintiffs alleged that Assistant Principal R.F., on appeal, was granted an accommodation from taking the

vaccine. *See* PAC ¶ 107; Exhibit 6 annexed to Plaintiffs' PAC. If accepted as true, this allegation weakens, rather than supports, any suggestion of discriminatory intent since the similarly situated employee here, Assistant Principal R.F., who also identified as Christian like the Plaintiffs, was granted an exemption after appealing to the Citywide Panel. Such allegations demonstrate that the DOE did not discriminate against those who requested an exemption from the Covid-19 vaccine mandate based on their Christian religious beliefs. Thus, given Plaintiffs have not presented any evidence to cure the deficiencies found by the Court in its Decision, this Court should deny Plaintiffs' PAC as futile.

## POINT IV

## PLAINTIFFS' PAC FAILS TO PLAUSIBLY PLEAD DUE PROCESS CLAIM PURSUANT TO THE FOURTEENTH AMENDMENT

Plaintiffs' PAC again attaches and cites to an affidavit from a Betsy Combier, who alleges that "problem codes" are made known to individuals outside of DOE. *See* PAC Exhibit 1. However, Plaintiffs fail to allege that their own alleged "problem codes" were disclosed publicly. In fact, Plaintiffs allege in their PAC that the "Problem Code" was only visible to DOE and DOE vendors. *See* PAC ¶ 53. As such, Plaintiffs cannot overcome the Court's prior Decision dismissing the original Complaint. Indeed, courts within this Circuit have consistently held that allegations of a due process violation arising from placement on the DOE's problem code database are insufficient to state a "stigma-plus" claim where no allegedly stigmatizing statement was published outside the agency. *See* Decision p. 20 (citing *Fugelsang v. Dep't of Educ. of N.Y.C.*, 23-cv-08332 (LDH) (LKE), 2025 WL 974276, at *7 (E.D.N.Y. Mar. 31, 2025) (collecting cases)).

Further, Plaintiffs do not allege that they did not receive adequate process. Plaintiffs were able to avail themselves of the appeals process, as they repeatedly allege that they were permitted to seek religious exemptions and, after their requests were denied, appeal those decisions. *See* PAC ¶ 39, 66, 79, 92. While Plaintiffs now allege that a "Problem Code" permanently prevents them from receiving tenured salaries, employment, and full pensions, they allege no facts demonstrating that they were denied pension benefits altogether or that they were unable to obtain employment in their respective fields. *See generally* PAC. The Court should not stray away from its original ruling that "[t]he fact that Plaintiffs chose not to receive the COVID-19 vaccine and as a consequence of that choice had their employment with the City terminated does not transform the City's mandate into a regulatory taking." *See* Decision p. 23.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss be granted with prejudice, that the relief requested by Plaintiffs be denied in all respects, and that judgment be entered for Defendants, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 29, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
Attorney for City Defendant
100 Church Street, Room 2-143
New York, New York 10007-2601
(212) 356-2458
shcharle@law.nyc.gov

By: /s/ Shinequa Charles
Shinequa Charles
Assistant Corporation Counsel

Shinequa Charles,
Of Counsel.